*Theodore CURLEY*
Petitioner
*vs.*
*THE NAVAJO NATION*
Respondent

In the Supreme Court of the Navajo Nation

No. SC-CV-55-01

December 9, 2002

Warren Denetsosie, Esq. Window Rock, Navajo Nation (Arizona), for Petitioner.

Robert Shirley, Esq., Acting Chief Prosecutor, Window Rock, Navajo Nation (Arizona), for Respondent.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Opinion delivered by YAZZIE, Chief Justice.

The petitioner for a writ of *habeas corpus* asks the Court to consider the denial of a request to withdraw a plea of no contest to criminal charges and to retroactively apply the sentencing provisions of amendments made to the Navajo Nation Criminal Code in January of 2000 to the original sentence.

Theodore Curley ("Curley") was arrested for public intoxication on the highway east of Ganado on January 1, 1999, at 7:55 p.m. About fifteen minutes later he allegedly escaped by kicking out the window of a police van. He was then re-arrested and charged with public intoxication, escape, and criminal

damage, and released on bond. When he did not appear in district court on July 6, 1999, for arraignment on the charges, the court issued a bench warrant. He was arrested and arraigned. On November 30, 2001, he pleaded guilty to the public intoxication charge and no contest to the escape and property damage charges. The court sentenced him to a 120-day jail term and a $200 fine on the escape charge, and gave suspended sentences of 90 and 5 days on the criminal damage and public intoxication charges, respectively.

On Sunday, December 2, 2001, Curley wrote a note to the sentencing judge that said, "I did not know what no contest meant. Please forgive my stupidity. I was nervous and couldn't think straight." When the court did not act on the note, Curley retained counsel and filed a petition for writ of *habeas corpus* with the District Court. When the court did not act on the writ immediately, Curley filed another petition for the writ with this Court on December 14, 2001. On December 17, 2001, the District Court denied Curley's petition.

Curley was arrested on January 1, 1999, approximately one year before the Navajo Nation Criminal Code was amended and sentenced under the provisions of the prior code on November 30, 2001, almost a year after it was amended. We deny the claim that Curley should have been sentenced under the newly amended Code. The Criminal Code provides, at 17 NNC § 201(B) (2000), that "Prosecutions for offenses committed prior to the effective date shall be governed, prosecuted, and punished under the laws existing at the time such offenses were committed."

## II

This case involves the interpretation of Rule 21 of the Navajo Rules of Criminal Procedure in addressing pleas. Rule 21(a) allows pleas of guilty, not guilty, or no contest, and "[a] no contest plea is treated by the court as a plea of guilty for purposes of sentencing." Rule 21(b) requires the court to accept a plea of guilty or no contest if it is satisfied that the plea is voluntary and not the result of force, threats, or promises (apart from a plea bargain) Rule 21(c) provides that a defendant may not withdraw a plea of guilty, unless the defendant shows that the plea was the result of duress or was in any way not voluntary.

The petitioner claims that Rule 21(c) does not address no contest pleas, and accordingly, he maintains that such a showing was not required and that he should have been released on the basis of his note claiming he did not understand what "no contest" meant. We disagree. Rule 21(a) and (c) address both pleas of guilty and no contest, and Rule 21(a) says that a "no contest plea" is treated the same as a plea of guilty for purposes of sentencing. We conclude that this identical treatment covers the withdrawal of a no contest plea. Because a no contest plea carries the same consequences as a guilty plea, the standard for review should be the same.

## III

We previously addressed the situation where a sentenced defendant claimed she was "overwhelmed, confused, intimidated, and didn't understand the charge and the proceeding." *Stanley v. Navajo Nation*, 6 Nav. R. 284, 287 (Nav. Sup. Ct. 1990). We held that the test of voluntariness for a plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* at 289. We note that defendants who wish to withdraw a guilty plea under a plea agreement to "correct a manifest injustice" may do so if it is "necessary" to make that correction. We hold that the same standard applies in this situation.

The problem here is whether Curley's note shows "meritorious second thoughts" that the District Court should have considered in a live hearing. *See, United States v. Vonn*, 535 U.S.55, (2002)(discussing the federal "plain error" rule in accepting a plea). Curley was advised of his rights to remain silent, have counsel, and to plead "not guilty," and the judge told him to ask questions if he was confused.

When judges accept a plea, they should read beyond the plain language of Rule 21. Judges should remember that ordinary people are not likely to know the difference between a plea of "guilty" and a plea of "no contest." Such differences should be explained. It is obvious that Curley felt that a guilty plea to public intoxication would not be serious, but there is doubt about whether he understood that a plea of no contest was the same as a guilty plea for purposes of sentencing for escape and property damage. A no contest plea is nothing more than a defendant saying that he does not admit nor deny the charges, but it does carry the possibility of the maximum penalty under the offense statute. Defendants have a right to know what their pleas mean, and Judges should go through the complaint with the defendant and discuss the elements of the crime and the facts that support it. A defendant may enter a guilty plea or no contest plea while claiming innocence if he makes a conscious choice to enter the plea and avoid the expense or risks of trial. *North Carolina v. Alford*, 400 U.S.25 (1970).

Notes from prisoners such as the one sent to the judge should be carefully reviewed and treated as a petition for writ of *habeas corpus* or a motion to modify sentence. We conclude that there is sufficient doubt about whether the plea was genuinely knowing or intelligent because of Curley's assertion that he did not know what "no contest" meant. That being the case, the District Court should have brought Curley before the Court to find out whether his lack of understanding affected his understanding the consequences of his plea.

When Curley filed his initial petition for a writ of *habeas corpus*, the petition was referred to a second judge for review. We ascertain their review was based on the record of the arraignment. We approve such practice, although a sentencing judge may also review a letter petition.

## IV

We granted an alternative (temporary) writ releasing the Defendant pending our final determination. We conclude that there has been no determination by the District Court of whether the no contest plea was in fact not knowing or voluntary under Rule 21(c), N. R. Cr. P., based on the allegation that he did not understand what his plea meant. Accordingly, instead of making our temporary writ final, we hereby REMAND the cause to the District Court for proceedings in accordance with this opinion. The District Court shall conduct a hearing on the withdrawal of plea and give notice of the hearing to the Defendant. The Defendant is ORDERED to appear for the hearing. Defendant's release shall continue until such time as the District Court hears and decides on the withdrawal of his pleas.