*Elroy BENALLY*
Plaintiff-Appellant
*vs.*
*MOBIL OIL CORPORATION, nka ExxonMobil Corporation*
Defendant-Appellee

In the Supreme Court of the Navajo Nation

No. SC-CV-05-01

November 24, 2003

Daniel M. Rosenfelt, Esq., Albuquerque, New Mexico, for Appellant.

James E. Ledbetter, Esq., Cottonwood, Arizona, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by YAZZIE, Chief Justice.

This case is before this Court on appeal from the Shiprock District Court's grant of summary judgment in favor of Appellee Mobil Oil Corporation, now known as ExxonMobil Corporation (Mobil). We reverse the district court and remand for further proceedings.

## I

On June 30, 1998, Appellant Elroy Benally (Benally), employed by Big A Well Service Company (Big A), was injured at Mobil's Ratherford unit 09-23, an oil well on land leased from the Navajo Nation. Benally elected to receive benefits under the Colorado Workers' Compensation Act, and filed a negligence action against multiple defendants after receiving those benefits. After the Shiprock District Court denied his cause of action against his employer, he appealed to this Court. This Court upheld the district court's decision, stating that it was within that court's discretion to give comity to the Colorado workers' compensation award. *Benally v. Big A Well Service, Co.*, 8 Nav. R. 60, 68 (Nav. Sup. Ct. 2000). The case continued against the other Defendants.

Mobil filed a motion for summary judgment in the Shiprock District Court claiming that Benally failed to show any genuine issue of material fact as to liability. It applied a rule of "premises liability," contending that Mobil as lessee on Navajo Nation trust land had no duty to Benally because Benally did not show that Mobil was in control of the workplace. It also applied a rule that Mobil owed no duty to protect Benally against injuries because Benally did not show that Mobil actually controlled his day-to-day work or supplied the equipment that caused his injuries. It also found that Benally was adequately compensated for his injuries under the Navajo common law doctrine of *nályééh* by his receipt of workers' compensation. This appeal followed.

## II

The issues presented are (1) whether the Shiprock District Court erred in granting the summary judgment on liability, (2) whether Benally is barred from receiving an award because he was negligent, and (3) whether Benally was precluded from filing a third-party tort action after receiving workers' compensation benefits.

## III

Because summary judgment involves a legal determination based on the allegations in the complaint, we review the district court's decision *de novo*. *Benalli v. First National Insurance Co. of Am.*, 7 Nav. R. 329 (1998). On summary judgment the court must determine whether there is a dispute as to the facts for the case to go to trial. *Thomas v. Succo*, 7 Nav. R. 63, 64 (Nav. Sup. Ct. 1993). The trial judge's function is not to weigh the evidence or determine the truth of the material facts, but to decide whether there is a genuine issue for trial. *Begay v. Dennison*, 4 Nav. R. 115, 116 (Nav. Ct. App. 1983). A dispute of fact is genuine if a "reasonable jury could return a verdict for the nonmoving party" based upon a disputed fact. *Jensen v. Giant*, 8 Nav. R. 203, 209 (Nav. Sup. Ct. 2002). If a genuine factual dispute is found, then summary judgment is inappropriate. *Begay*, 4 Nav. R. at 115. Summary judgment is an extreme remedy that should not be employed if there is the slightest doubt as to the existence of an issue of material fact. *Id.*

A "material fact" is determined by the substantive law governing the claims or defenses of the parties. *Jensen*, 8 Nav. R. at 3.

In this case, summary judgment hinges on the law of torts, workers' compensation and *nályééh*. In the law of torts, if defendant owes no duty to plaintiff, the case should not go forward. Material facts in this case that determine Mobil's duty to Benally include the amount of control exerted over the work performed by Benally and the source of the equipment that allegedly caused his injuries.

After careful consideration of the record, we find that there are indeed genuine issues of material fact pertaining to the length of the extension, selection of the equipment, the method employed to unseat the packer, and whether or not the equipment supplied was the primary cause or the accident. We find that all these issues are material because they could affect the outcome of Appellant's claim. It therefore was improper for the district court to grant summary judgment.

## IV

In cases of negligence, to be held liable, a party must owe the injured party a duty of care. *Wilson v. Begay*, 6 Nav. R. 1, 3 (Nav. Sup. Ct. 1988). The extent of the duty depends on the circumstances. *Id.* at 4. Benally claims Mobil had a duty to him under two theories: (1) premises liability, and (2) general contractor liability.

## A

The district court granted Mobil Oil Corporation summary judgment on the issue of "premises liability," concluding that "[t]here was no evidence that Mobil ha[d] created an unsafe work environment as Mobil was not in sufficient control of the workplace." Order at pg. 5. Is there a duty on the part of a lessee of the Navajo Nation to employees of contractors working on the property? Under "premises liability" a "possessor of land" owes a duty to use reasonable care in

providing a safe place to work for employees of a contractor or others that are "business invitees." *Requarth v. Brophy*, 801 P .2d 121, 123 (Ct. App. 1990); Colorado Revised Statutes §13-21-11 5 3(c)(I); Restatement of Torts 2d § 343. A "possessor of land" does not have to be the record owner of the land, but can be the lessee when that lessee has control of the property. *Jensen*, 8 Nav. R. at 212.

To establish liability of a lessee of the Navajo Nation, we hold that a plaintiff must show that (1) the lessee has at least some specific control over the premises during the performance of the work, or over the instrumentality that caused the employee's injury; (2) the injury was proximately caused by the lessee's failure to exercise that control in a reasonable manner; (3) the lessee knew or by the exercise of reasonable care should have discovered the dangerous condition that caused the injury; (4) the hazard involved an unreasonable risk of harm to the plaintiff; and (5) the lessee should have expected that the employee would not discover or realize the danger, or would fail to protect himself or herself against it. *Requarth*, 801 P .2d at 124-25.

Material facts are in dispute concerning the level of control Mobil exercised over the property and the equipment used by Benally that caused his injury. Consequently, it was wrong for the district court to grant summary judgment to Mobil on this theory of liability.

## B

The district court also granted summary judgment to Mobil because it "did not sufficiently manage the independent contractor's activities or provide the equipment that Mr. Benally used to cause his own injuries[,]" and therefore Mobil owed no duty to Benally. Order at pg. 4. Do general contractors owe a duty to their independent contractor's employees? In Arizona and Utah, the rule is that general contractors have a duty to provide a safe workplace for employees of subcontractors. *Lewis v. N.J. Riebe Enterprises, Inc.*, 825 P .2d 5, 9 (Ariz. 1992); *Thompson v. Jess*, 979 P .2d 322, 327 (Utah, 1999). Other jurisdictions also assign a duty to general contractors.

The scope of a general contractor's duty is limited by the "retained control doctrine," extending only so far as the degree of control the general contractor retains over the work of the subcontractor. *Lewis*, 825 P .2d at 9. The general rule is that principal employers are not subject to liability for injuries arising out of a contractor's work unless the employer "actively participates" in the performance of the work. *Thompson*, 979 P .2d at 327. In order to "actively participate" a principal employer

> must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect progress or to receive reports, to make suggestions or recommendation, which need not necessarily be followed, or to prescribe alterations or deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is

controlled as to his methods of work, or as to operative detail.

*Id.* (quoting Restatement (Second) of Torts § 414 cmt. C (1965)). There must be retention of a right of supervision so that the contractor is not entirely free to do the work in his or her own way. *Id.* The control that creates a legal duty must involve either the direct management of the means and methods of the independent contractor's activities, or the provision of the specific equipment that caused the injury. *Id.*

Here we adopt a narrow theory of liability to be applied in circumstances where the general contractor exerts or retains enough control over the independent contractor's work to give rise to a limited duty of care, but not enough control to be considered the employer. In such circumstances the duty owed is reasonable care and is limited in scope to the degree of control asserted and retained.

In this case, the facts which show whether the requisite control was retained and whether Mobil took reasonable care under the circumstances are disputed. Whether any control was exerted or retained by Mobil over Benally on the day of injury presents a disputed question of material fact, as the parties present conflicting arguments and evidence on this issue. The district court erred when it granted summary judgment on this theory of liability.

V

Having found that the disputes of material fact make summary judgment on liability inappropriate in this case, we turn to the issue of whether Benally's negligence bars his claims. Mobil did not argue this point in its motion for summary judgment in the lower court, but urges us to use it as an alternative means to uphold the summary judgment. We may uphold the district court's grant of summary judgment on alternative grounds than those stated by the court. *Cf. Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d 848, 855 (9th Cir. 2002) (under federal rules). However, we generally will not consider arguments against or in defense of a summary judgment not made before the district court. *See Raymond v . Navajo Agricultural Products Industry*, 7 Nav. R. 142, 145 (Nav. Sup. Ct. 1995); *cf. Johnson v. Sawyer*, 120 F.3d 1307, 1316 (5th Cir. 1997) (under federal rule). In some situations we can, in our discretion, consider such arguments, such as when an important issue of public policy is presented, there are sufficient undisputed facts in the existing record to make a decision, and the outcome under the law will dispose of the case. Here, the issue of whether the Navajo Nation applies comparative negligence is an important issue of public policy, there are sufficient undisputed facts on this issue and it may dispose of this case. Therefore, despite the fact that Mobil did not present this argument below, we will consider it.

Benally concedes that he operated the power tongs with his foot in an unsafe manner. The parties do not dispute that Benally was at least partially responsible

for his own injury. Should Benally's negligence foreclose any recovery? Mobil contends the Navajo common law doctrine of *t'áá shí ákwíisdzaa* or literally "I take responsibility for my own actions," controls this case and precludes Benally from collecting anything. Benally argues that the Navajo Nation recognizes comparative negligence, and that his award should be reduced solely based on his own degree of fault for the injury.

The Navajo Nation Council has spoken on the issue by recognizing pure comparative negligence as the law to be applied in our courts. 7 N.N.C. §701(d). That provision states "[w]here an injury was inflicted as a result of accident, or where both the plaintiff and the defendant were at fault, the judgment shall compensate the injured party for a reasonable part of the loss he has suffered." Two district courts, Crownpoint and Window Rock, have already established that pure comparative negligence is the rule in the Navajo Nation. *Begay v. Karty*, 5 Nav. R. 267, 270 (W. R. Dist. Ct. 1987); *Cadman v. Hubbard*, 5 Nav. R. 226, 229 (Crwn. Dist. Ct. 1986). This Court therefore holds that the Navajo Nation is a pure comparative negligence jurisdiction, and any award to Benally, if Mobil is found liable, should be reduced to reflect only Mobil's portion of responsibility for the injury. The doctrine of *t'áá shí ákwíisdzaa* is consistent with comparative negligence, as reduction of the award makes certain Benally takes responsibility for his own actions, but still compensates him for that part of injury caused by Mobil.

## VI

We now turn to the issue of whether the acceptance of workers' compensation benefits should preclude Benally from bringing a third-party tortfeasor's claim against Mobil. The Shiprock District Court ruled that it did, quoting our previous opinion in this case which stated that "Benally was fully compensated for his injuries under the Colorado Workers' Compensation scheme." *Benally*, 8 Nav. R. at 6.

The district court failed, however, to distinguish an action by an injured party against his or her employer and an action against a third-party tortfeasor. While it was correct that we ruled that Benally had been compensated under the Colorado workers' compensation program, we did not rule on the issue before us today: whether an injured party who received workers' compensation from his or her employer nonetheless may sue a third-party tortfeasor for *nályééh*. Here Benally is not requesting additional compensation from his employer, but rather, he seeks compensation from a third-party under the Navajo common law doctrine of *nályééh* for additional injuries not covered by workers' compensation.

We have previously considered this question in the context of the Navajo Nation's workers' compensation program. *Largo v. Eaton Corp.*, 8 Nav. R. 96 (Nav. Sup. Ct. 2001), concerned an injured tribal employee who sought compensation from a third-party after he received worker's compensation from the Navajo

Nation. The exact issue was whether the injured party was barred from seeking damages from a third-party for failure to properly plead the cause of action. We construed 15 N.N.C. § 1032, which in Subsection A recognizes the right of injured workers to bring an action against third-party tortfeasors:

> If a covered person is entitled to compensation under this chapter and is injured . . . by the negligence or wrongdoing of another in the employment of the Nation . . . such injured employees . . . may pursue his or her remedy against such other person while receiving benefits under this chapter.

In *Largo* we recognized the right of a tribal employee to seek *nályééh* from a third-party under certain procedural requirements set out in 15 N.N.C. § 1032. *Largo*, 8 Nav. R. at 109. We stated that the injured party's "right to *nályééh* is his [or her] right to recover for additional injuries that were not covered by the workers' compensation benefits." *Id.* (emphasis added). We recognized that the third-party has a reciprocal obligation "to set things right in accordance with the hurt," and therefore "a person injured by a tortfeasor is entitled to compensation for his or her injuries and should not be stripped of that right[.]" *Id.* at 107. Therefore, an injured party could seek *nályééh* from a third-party, and receipt of workers' compensation would not be a bar.

We believe the same right to seek damages from a third-party tortfeasor, notwithstanding receipt of workers' compensation applies to employees of private corporations operating within the Nation. Assuming liability, the third-party has obligations "to set things right" that have not been fulfilled by the receipt of workers' compensation by the employer. Therefore we hold that an injured employee is not barred from seeking *nályééh* from a third-party tortfeasor merely because he or she has received workers' compensation from his or her employer. *Nályééh* is not satisfied merely by receipt of workers' compensation from the employer when a third party has some responsibility for the accident.

We leave the measure of *nályééh* in this case, if liability is found, to the sound discretion of the district court. We defer the issue of *nályééh* to the district court because it is contingent on a number of factors, such as how much the responsible party can pay, the needs of the injured party, the extent to which the worker was negligent, and other factors.

## VII

Lastly, amicus curiae Bituminous Casualty Corporation presents an issue in its brief concerning whether Mobil is a "statutory employer" under the Colorado Workers' Compensation Act and therefore immune from suit. Mobil did not argue this issue in its motion for summary judgment or in its brief in chief. It did assert this point in its response to the amicus brief. Benally contends we should ignore this argument because it was not presented below.

As previously discussed, we generally will not consider arguments in support of summary judgment that were not presented to the district court. Here Benally

has not had the chance to bring forward facts that may be in dispute concerning this issue. It would then be unfair to consider it in this case. We decline to consider it, and make no comment on the merits.

## VIII

Summary judgment below was granted in error. We remand this case for further fact finding consistent with this opinion and a determination of the issues of negligence in light of the "retained control" doctrine and *nályééh*, and for any other necessary proceedings. The judgment of the district court is VACATED and this case is REMANDED for further proceedings consistent with this opinion.