OPINION

This case concerns a child custody dispute, an award of attorney’s fees, and a request to disqualify the Family Court judge from presiding over future proceedings between the litigants. The Court vacates the attorney’s fees award and disqualifies the judge.
I
This is an appeal by Patricia Black (Black), from a February 9, 2006 judgment of the Tuba City Family Court (Family Court). This final judgment affirmed a child visitation plan between Appellee Richard Wirtz (Wirtz) and Black, but modified the plan by changing a requirement to use a “certified” childcare provider to a “qualified” childcare provider. The Family Court ordered the original plan in a previous, separate case between the parties. The case now before the Court began on November 15, 2004, when Wirtz filed a Petition for Immediate Visitation Modification, requesting that Black’s visitation cease until a hearing on the matter, based on allegations that she was not abiding by the plan. A summons was issued with the petition. Black did not receive the summons until November 22, 2004. The summons indicated that she could respond to the petition within thirty days. The Family Court also scheduled an emergency hearing for November 24, 2004 to hear Wirtz’s request for interim relief pending a hearing on the petition. At the hearing, Black requested a continuance in order to obtain counsel, which the Family Court granted. The Family Court rescheduled the hearing for December 2, 2004.
Black did not appear at the December 2, 2004 hearing. She explained her absence to the court in a letter dated December 2nd, which the Family Court received one day later. According to Black, she thought the Court had scheduled the hearing for December 22nd, based on the thirty days allowed in the summons for a response to the petition. On December 6, 2004, the Family Court issued a “civil” bench warrant for Black for her failure to appear at the December 2, 2004 hearing. In addition, the Family Court vacated its order allowing Black’s visitation and awarded Wirtz attorney’s fees. The Family Court’s order stated that “special circumstances” justified the award of attorney’s fees, and required Black to pay $680.30. Black arrived at the Tuba City courthouse for a separate domestic violence hearing involving Wirtz on December 15, 2004, and was arrested on the bench warrant. Black states in her brief, and Wirtz does not deny, that she was forced to attend her domestic violence hearing tardy and wearing orange jail clothing.
On September 28, 2005 Black answered Wirtz’s petition, and included a counterclaim for an immediate change of child custody to Black, as well as a custody evaluation. The Family Court held a final hearing on the petition on December 15, 2005 and issued a final judgment February 9, 2006. Black then filed this appeal. The Court informed the parties that the case would be heard on the record without oral argument.
II
The issues in this case are 1) whether the award of attorney’s fees was proper, 2) *556 whether a judge can be disqualified from future proceedings when the party seeking disqualification did not file a motion to disqualify in the trial court, and 3) assuming Appellant can file her request for disqualification, whether the Family Court judge should be disqualified from future proceedings between the parties.[1]
Ill
The first issue concerns the Family Court’s award of attorney’s fees.[2] The Family Court awarded attorney’s fees to Wirtz because, according to the court, “special circumstances have been shown in this case for an award of attorney’s fees and costs.” Order, Award of Attorneys’ Fees and Costs, December 13, 2004, at f 2. The Family Court does not outline any specific facts or reasoning as to why it awarded the attorney’s fees except to state that Wirtz requested it, and that Black was either unable to proceed or unable to attend the two hearings. Black argues that there were no special circumstances, and that the Family Court did not provide supporting facts to justify the award of attorney’s fees. She also argues that she was not properly notified of the November 2004 emergency hearing, she did not have 30 days to respond to Wirtz’s petition before the hearing, and that the Family Court did not hold a hearing on the award of attorney’s fees. Wirtz, on the other hand, argues that Black did not contest the award of attorney’s fees within the statute of limitations.
The Court applies the following principles to review awards of attorney’s fees. Under Navajo law, each party is responsible for their own attorney’s fees unless there is a special set of circumstances. Hall v. Arthur, 3 Nav. R. 35, 41 (Nav.Ct.App.1980). This Court has listed the types of “special circumstances” that justify an award of attorney’s fees. See id. at 41 (contempt proceedings and prior contractual agreement between parties); Naize v. Naize, 7 Nav. R. 269, 273 (Nav. Sup.Ct.1997) (divorce proceedings); Begay v. Navajo Election Administration, 7 Nav. R. 139, 141 (Nav.Sup.Ct. 1995) and John v. Herrick, 5. Nav. R. 129, 132 (Nav.Sup.Ct.1987) (pleading or document not submitted in good faith, pleading contains material misstatements of law or fact, or pleading not based on adequate research or investigation); Chavez v. Tome, 5 Nav. R. 183, 189-190 (Nav.Sup.Ct.1987) (abusive litigation practices that do not comply with discovery). Additionally, an award of attorney’s fees must be supported by facts explaining what the special circumstances are that justify the award. Brown v. Todacheeny, 7 Nav. R. 37, 44 (Nav.Sup.Ct. *557 1992). The award must fall within an existing special circumstance recognized by this Court, or the trial court must include supporting findings of fact and conclusions of law to justify a new exception. Id. at 43-44. Also, parties must receive notice and opportunity for a hearing before a court may award attorney’s fees. Begay v. Navajo Election Administration, 7 Nav. R. 139, 141 (Nav.Sup.Ct.1995).
Based on these principles, the award was improper. The Family Court did not specify in its order what special circumstances supported its award. It appears that the Family Court was attempting to sanction Black for asking for a continuance and not showing up to her court date. However, that is not clearly stated In the order. However, even if true, that is not a special circumstance recognized by this Court that justifies attorney’s fees, and there are no findings justifying a new exception. Finally, there is nothing in the record indicating that the Family Court gave notice to Black of the request for fees nor was there a hearing to allow Black to respond to the request. For all these reasons, the Family Court erred, and this Court must vacate the award of attorney’s fees.
IV
The other issue in this case is whether the Family Court judge should be disqualified from conducting further proceedings between Black and Wirtz. Black argues that Judge Benally is partial towards Wirtz, evidenced by the fact that the judge allegedly incarcerated her Illegally based on an improper “civil” bench warrant. Wirtz, on the other hand, argues that Black did not ask the Family Court judge to disqualify herself, and the Court should not entertain that request in the first.instance.
Canon Eleven of the Judicial Code of Conduct establishes standards for the disqualification of judges. The standard applicable to this case is that a judge should disqualify herself if she has a personal bias through prejudice or personal knowledge. Generally, a petitioner first must file a motion to disqualify the judge in the trial court before seeking disqualification from the Supreme Court. Navajo Rules of Civil Procedure 40(f); In re Excused of Ferguson, 7 Nav. R. 320, 323 (Nav.Sup.Ct.1998). In the alternative, the petitioner can submit a writ of prohibition to the Supreme Court, including facts to support the assertion that the lower court is deviating from proper judicial activity. McCabe v. Walters, 5 Nav. R. 43, 47 (Nav.Sup.Ct.1985),
The threshold issue in a case like this normally is whether the Court should even entexTain Black’s request when she did not ask the Family Court judge to disqualify herself. However, in this case, the Court feels that the behavior of the judge was so egregious that Black should not be forced to go through the procedure at the lower court where the judge has already demonstrated a bias against her. The Court therefore will allow Black’s request, though she did not argue that issue in the Family Court. Cf. Benally v. Mobil Oil, SC-CV-05-01, 4 Am. Tribal Law 686, 691, 2003 WL 25794036 at *3-4 (Nav.Sup.Ct.2003) (Court has discretion to consider an argument not brought up at the lower court if it is an important issue of public policy, If there are sufficient undisputed facts existing in the record to make a decision, and if the outcome under the law will dispose of the case).
The Family Court judge’s behavior shows a bias against Black. As disfcussed above, she issued attorney’s fees to Wirtz without a hearing. Furthermore,, the Family Court issued a “civil” bench war *558 rant,[3] resulting in Black’s arrest when she went to court on a related matter, even though Black previously communicated to the judge concerning her nonattendance, asking her to excuse her absence due to confusion over the date of the hearing. Black contends, and Wirtz does not deny, that she was arrested in the presence of Wirtz, forced to be late for a domestic violence hearing involving Wirtz, wearing orange jail clothes, and thereby influencing the domestic violence proceedings against her. All of this was with the knowledge of the judge.
Further, though the Family Court judge apparently considered Black’s nonattendance to be contempt of the court, she improperly failed to provide notice and a hearing on the matter before ordering Black’s arrest. See In re Contempt, of Mann, 5 Nav. R. 125, 127 (Nav.Sup.Ct.1987). The hearing after her incarceration was not sufficient. Furthermore, Black’s nonattendanee (if it were considered a violation of the Court’s order) was indirect contempt; therefore, when she did not appear in court she should have been given notice and opportunity to be heard before issuing the warrant. See id.; In re Summary Contempt of Tuchawena, 2 Nav. R. 85, 88 (Nav.Ct.App.1979). The conduct of the Family Court judge is similar to the conduct of the judge who incarcerated an individual over the weekend without cause in McCabe v. Walters, 5 Nav. R. 43 (Nav.Sup.Ct.1985). This Court found the judge’s action to be oppressive, and therefore justified disqualification of the judge from presiding over the case. See id. The judge’s conduct towards Black was similarly egregious, and this Court finds she demonstrated a bias or prejudice against Black. Therefore the Court will disqualify the Family Court judge from future proceedings between these litigants.
V
For the above reasons, the Court VACATES the award of attorney’s fees to Wirtz and DISQUALIFIES Judge Jennifer Benally from presiding over future proceedings between Wirtz and Black.

. Although Wirtz⅛ petition concerns the modification of a child visitation plan, the appropriateness of the modification is not an issue on appeal. In her brief, Black questions the Family Court's authority to require her to have a certified babysitter as a condition of the visitation plan. Black also argues that the Family Court judge should not have the authority to modify a protection order issued by another judge that prevented her from seeing her children. Finally, Black argues that the Family Court should not have struck her counterclaim to regain custody of her children. Although these issues appear in Black's brief, she does not ask this Court to grant relief for those alleged violations; therefore, this Court only addresses the issues of the attorney’s fees and the disqualification of the judge, which Black specifically requests this Court to remedy.

. Black can appeal the award of attorney’s fees now, though the Family Court awarded them long before the final judgment, because Black could only file an appeal after the final judgment, when all substantial rights of the parties were resolved. See Chuska Energy Co. v. Navajo Tax Comm’n, 5. Nav. R. 98, 102 (Nav.Sup.Ct.1986) (party cannot appeal any part of a case until after “final” order determining all substantial rights of the parties).

. Navajo district courts have authority to issue bench warrants in criminal matters and this power is used by the district courts. See Thompson v. Greyeyes, No. SC-CV-29-04, 5 Am. Tribal Law 400, 401-02, 2004 WL 5658108 *1 (Nav.Sup.Ct.2004), Curley v. Navajo Nation, No. SC-CV-55-01, 4 Am. Tribal Law 622, 623, 2002 WL 34461240 *1 (Nav.Sup.Ct.2002). However, this Court does not understand what authority the Family Court can assert to issue a bench warrant to compel attendance at a civil case, when the court has the power to simply enter a default judgment if the respondent does not attend the hearing.