OPINION

Minor Child (A.P.) returns to us for a second time after a second detention with a Petition for Writ of Habeas Corpus and a Petition for Writ of Superintending Control or An Alternative Writ to disqualify the presiding judge in the underlying delinquency proceeding. In the first ease, SC-CV-13-14, we issued a Writ of Habeas Corpus against the Director of the Department of Corrections and held an immediate hearing. From that hearing, we determined A.P. had been illegally detained and ordered her immediate release. Subsequently, the presiding judge on behalf of the Respondent-Crownpoint Family Court (Family Court) filed a Petition for Reconsideration of our decision to release A.P. pending trial. In a detailed Order, we denied the Petition for Reconsideration and considered the matter disposed of, that is, until the occurrence of A,P,’s second detention and the filing of these Petitions. As a preliminary matter in this new action, SC-CV-45-14, we denied A.P,’s Petition for Writ of Habeas Corpus upon notification of her release. Whether we should disqualify the presiding judge remains an issue before us. For the reasons discussed below, in the exercise of our supervisory authority over lower courts, we grant a Permanent Writ of Prohibition ordering the disqualification of the presiding judge.
I
After A.P.’s first release in SC-CV-13-14, the Navajo Nation, through the prose *412 cutor, and A.P. entered into a plea agreement in the underlying delinquency proceeding at an April 24, 2014 adjudicatory hearing. A.P. entered an admission to a reduced delinquency charge of the commission of the offense of Battery and the Family Court imposed the maximum sentence of 365 days in jail, which was suspended to 365 days of supervised probation. In a Minute Order rather than a Dispositional Order, the Family Court entered its written judgment and set a review hearing to be held on July 10, 2014 without further explanation for that hearing.[1]
At the July 10, 2014 review hearing, A.P.’s assigned probation officer reported that A.P. was attending school, going to counseling, and had been compliant with scheduled appointments. The probation officer also informed the Family Court that A.P. tested positive for marijuana use that occurred prior to her probationary period. Nonetheless, the probation officer stated that “[t]here have not been any probation violations” and A.P. was to continue with probation. The prosecutor agreed and the review hearing concluded. After Á.P. and her counsel left the review hearing, the judge commenced ex parte communications with the prosecutor and the probation officer in the courtroom and thereafter ordered A.P. to immediately submit to a drug test.
A.P. submitted to the court-ordered drug test on July 10, 2014. The results showed A.P. used marijuana during her probationary period. On July 14, 2014, citing to no legal authority, the prosecutor filed a Motion for a Pick-Up Order requesting that A.P. be remanded to detention for alleged probation violations. The Family Court issued a Pick-Up Order that same day ordering A.P.’s detention “until further Order of [the Family] Court.” A.P., having been informed of the Pick-Up Order, voluntarily reported to her probation officer on July 17, 2014 and was arrested. No specified date for release was indicated and no appearance before the Family Court followed to determine whether there was a need for further detention.
A.P. filed a Motion to Vacate the PickUp Order with the Family Court and a Petition for Writ of Habeas Corpus, a Writ of Superintending Control, or An Alternative Writ with this Court on July 21, 2014, seeking an immediate release and the disqualification of the presiding judge. On the same day that the petitions were filed, the Family Court vacated the Pick-Up Order and released A.P. acknowledging in essence that it erred in arresting and remanding A.P. to detention with no probation revocation proceedings under 9 N.N.C. § 1318, See Order Vacating PickUp Order (July 21, 2014). With the release of A.P., this Court denied the petition for writ of habeas corpus and only the issue of disqualification is before the Court under the request for an alternative writ, which we accept as a request for a writ of prohibition in accordance with McCabe v. Walters, 5 Nav. R. 43 (Nav.Sup.Ct.1985).
II
The Supreme Court has original jurisdiction over petitions for extraordinary writs pursuant to 7 N.N.C. § 302. A writ of prohibition “is a discretionary writ and is appropriately issued where the trial court is proceeding without or in excess of its jurisdiction, or has abused its discretion in exercising its function over matters *413 within its authority to decide and Petitioner has no plain, speedy, and adequate remedy at law.” McCabe v. Walters, 5 Nav. R. 43, 47 (Nav.Sup.Ct.1985).
Ill
The issue here is whether we should disqualify the Family Court judge from presiding over any further delinquency proceedings in which A.P. is a named child-respondent. On March 21, 2014 A.P. filed a motion for disqualification of the judge in the lower court, as generally required by In the Matter of Certified Questions II, 6 Nav. R. 105, 112 (Nav.Sup.Ct.1989).[2] A.P. claimed the judge is partial as evidenced by her illegal detention and the judge’s filing of a Petition for Reconsideration challenging her release in SC-CV-13-14. The judge denied the motion finding A.P.’s arguments without merit and characterizing the motion as bordering on frivolous. The judge stated that having to respond to a petition for writ of habeas corpus is not sufficient to show bias. With the denial of the motion and A.P.’s second detention, A.P. had no plain, speedy or adequate remedy at law in the trial court.
Aside from the appellate process, a party may obtain a trial judge’s disqualification using our extraordinary writ process in the Supreme Court, if sufficient facts are presented to support an assertion that the trial court has deviated from proper judicial activity or has become dictatorial or oppressive in conduct, thereby denying a party an impartial tribunal. McCabe v. Walter, 5 Nav. R. 43, 49 (Nav.Sup.Ct.1985).
Based on our review of the record, we find the presiding judge should be disqualified. Canon Eleven of the Code of Judicial Conduct (November 1, 1991) establishes standards for the disqualification of judges. Generally, a judge shall disqualify him or herself where the judge’s partiality might reasonably be questioned. For instance, a judge must disqualify him or herself if he or she has a personal bias through prejudice or personal knowledge. Wirtz v. Black, 7 Am. Tribal Law 553, 557 (Nav.Sup.Ct.2007), In this case, A.P. filed a motion for disqualification in the lower court asserting there is a possibility of reprisals in the continuation of her underlying action before the same judge because she challenged the judge’s decision to detain her and was released by this Court in SC-CV-13-14. A.P. also asserted when the judge filed a petition for reconsideration challenging her release, the judge asserted a position adverse to hers and her right to a fair and impartial adjudicator.
We have previously declared that a trial court is not a party in a habeas corpus action though the legality of the trial court’s decision is challenged. See Thompson v. Greyeyes, 8 Nav. R. 476, 484, fn. 2, 5 Am. Tribal Law 400 (Nav.Sup.Ct.2004) (though a writ of habeas corpus in effect challenges the actions of the district court in the underlying case, the court itself is not a party). The responding party is the Director of Department of Corrections who “must respond to the petition by demonstrating that the petitioner is lawfully detained.” Id., 8 Nav. R. at 484, 7 Am. Tribal Law 553. The Family Court therefore is not a party as contemplated by Rule 19(a)[3] of the Navajo Rules of Civil *414 Appellate Procedure and thus not entitled to file a petition of reconsideration in SC-CV-13-14. Because there was a need to clarify the law and to address the judge’s peculiar filing, pursuant to Rule 3, we suspended Rule 19(a) and accepted the petition. Finding no persuasive arguments of err, we affirmed our decision to release AP. pending her adjudicatory hearing. Order Denying Reconsideration, SC-CV-13-14 (July 25,2014).
In the future, this Court will enforce Thompson and Rule 19(a) permitting only parties to file a petition for reconsideration in habeas corpus actions.[4] We agree with AP. that the filing of a petition for reconsideration by a judge as a “respondent” shows bias and is a situation which reasonably calls into question a judge’s partiality, requiring disqualification. By engaging in a series of actions which appear to show that the judge is taking a position adverse to a party, the presiding judge departed from proper judicial activity, denying AP. of her right to an impartial tribunal.
We also believe the judge’s disqualification is further warranted for the issuance of a Pick-up Order without there ever being filed a Petition for Revocation of Probation as required by 9 N.N.C. § 1318(B). Revocation of probation proceedings are required to commence as an “original proceeding” with the filing of a petition referencing the initial proceeding. 9 N.N.C. § 1318(B). The petition is required to state the terms of probation alleged to have been violated and the factual basis for these allegations. As a separately docketed action, the standard of proof is beyond a reasonable doubt and “proceedings to revoke probation [are] governed by the procedures, rights and duties applicable to proceedings on a delinquency petition.” 9 N.N.C. § 1318(C) and (D). There being the possibility of reinstating an original jail sentence, like in this case, the intent is to prohibit truncated proceedings and guarantee due process as required by 1 N.N.C. § 3. Furthermore, a judge has the authority to issue an order to apprehend “only after a written complaint shall have been filed.” 17 N.N.C. § 1803. Equally so, in a proceeding involving a juvenile, a judge has the authority to issue a pick-up order only after a written petition for delinquency or revocation of probation has been properly filed. Here, the Navajo Nation filed a motion for a pick-up order without the existence of an underlying petition to revoke probation. Deviating from proper judicial activity, the judge essentially revoked A.P.’s probation and, in so doing, unlawfully remanded AP. to jail by exceeding its jurisdiction. Where the trial court has exceeded its jurisdiction without legal authority to so act, the legal remedy is inadequate as a matter of law and issuance of a writ to prevent further actions in excess of jurisdiction is proper. McCabe, 5 Nav. R. at 49.
The disqualification of the presiding judge is warranted.
IV
The Court hereby issues a permanent writ of prohibition to disqualify the Honorable Irene Toledo from CPFC-DL-089-2014 and from any further delinquency *415 proceedings in which A.P. is a named child-respondent.

. The appropriateness of a review hearing in a delinquency proceeding, especially after disposition is questionable under the Álchíní Bi Beehaz’ áannii Act, see 9 N.N.C. §§ 1301-1320 (review hearings not mentioned), but we need not address that issue in this writ action.

. An appellant is not always required to file a motion to disqualify in the trial court “if the behavior of the judge was so egregious that an appellant should not be forced to go through the procedure at the lower court where the judge has already demonstrated a bias.” Wirtz v. Black, 7 Am. Tribal Law 553, 557 (Nav.Sup.Ct.2007).

. Rule 19(a) of the Navajo Rules of Civil Appellate Procedure states "Any party seeking reconsideration of a decision of the Supreme *414 Court shall file a petition for reconsideration with a supporting memorandum with the Clerk of the Supreme Court within twenty (20) days after the Clerk has notified the parties that a decision has been rendered by the Supreme Court. The petition shall not be amended except by leave of Court.” (Emphasis added),

. This Court, however, may order or invite the trial court, through counsel, to file a brief.