*NAVAJO NATION*
Plaintiff-Appellee
*vs.*
*Ryan BADONIE*
Defendant-Appellant

In the Supreme Court of the Navajo Nation

No. SC-CR-01-03

July 15, 2004

---

Judy R. Apachee, Esq., Flagstaff, Arizona, for Appellant.

Daryl Junes, Esq., Prosecutor, Shiprock, Navajo Nation (New Mexico), for Appellee.

Before BATES ARTHUR, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by FERGUSON, Associate Justice.

This is a criminal appeal. Based on our review of the record we remand this case to the Shiprock District Court. Our reasons are set forth below.

## I

On August 31, 2002, Appellant was involved in an automobile accident that led to his being charged with the following offenses: Homicide by Vehicle, Driving While Under the Influence of Intoxicating Liquor, and Reckless Driving. The Shiprock District Court (District Court) found Appellant guilty and issued a Judgment and Mittimus for each offense on October 23, 2003. The District Court did not include findings of fact and conclusions of law on any of the charges. A motion for reconsideration was filed November 13, 2003, and was denied by the District Court on November 19, 2003. Appellant filed an appeal with this Court on November 24, 2003.

## II

The single issue in this case is whether the District Court erred in not including findings of fact and conclusions of law. In civil cases, this Court has explicitly required the entry of findings of fact and conclusions of law by the district court to facilitate an effective and fair appeals process. *Help v. Silvers*, 4 Nav. R. 46, 47 (Nav. Ct. App. 1983) ("[T]rial courts must make findings of fact and conclusions of law, in opinion form or finding form, in order to support their judgments."); *see also, Burbank v. Clarke* 7 Nav. R. 368, 372 (Nav. Sup. Ct. 1999); *In re Custody of C.L.M.,* 7 Nav. R. 130, 133 (Nav. Sup. Ct. 1995); *Alonzo v Martine*, 6 Nav. R. 395, 397 (Nav. Sup. Ct. 1991). These findings provide the Supreme Court with an understanding of the weight that has been given to individual pieces of evidence and the reasons supporting the lower court's decision. We cannot review a decision for alleged error if we do not know the reasons for the decision. In criminal cases, where personal liberty, and not simply financial penalties, is at stake, there is even a greater need for clear findings to ensure effective appellate review. We therefore hold that a district court must include findings of fact and conclusions of law in a judgment and mittimus issued after a criminal trial. As these were not included in this case, the District Court erred.

## III

Based on the above, we hereby REMAND this case to the District Court for the entry of findings of fact and conclusions of law. For each individual element of the crime, the court shall include the facts, the evidence used to find such facts, and the legal conclusions supporting the verdict. This remand does not call for a retrial or the reopening of the trial to allow new evidence, but only requires the court to state its reasons for entering the original judgment. After the Court enters a new judgment consistent with this opinion, the Appellant can appeal the case to this Court on the merits of that judgment.