*Carole ERIACHO*
Petitioner
*vs.*
*RAMAH DISTRICT COURT*
Respondent
*and concerning*
*Navajo Nation*
Real Party in Interest

In the Supreme Court of the Navajo Nation

No. SC-CV-61-04

January 5, 2005

618

620

Bernadine Martin, Esq., Gallup, New Mexico, for Petitioner.

Patrick Dooley, Esq., Crownpoint, Navajo Nation, for Respondent.

LaVonne Tsosie, Esq., Ramah, Navajo Nation, for Real Party in Interest.

Before FERGUSON, Acting Chief Justice, and BEDONIE, Associate Justice.

Opinion delivered by FERGUSON, Acting Chief Justice.

This Court previously issued an opinion on a preliminary matter in this case. We now decide the merits by granting the writ of mandamus against the Ramah District Court to require it to grant a jury trial.

I

The relevant facts are as follows. Petitioner Eriacho (Eriacho) is a defendant in a pending criminal action in Ramah District Court. The court did not arraign Eriacho, but instead Eriacho signed a waiver of arraignment form provided by the Chief Prosecutor (Prosecutor) of the Ramah Office of the Prosecutor. According to the parties, Eriacho went to the Office of the Prosecutor and told the Prosecutor that she did not want to appear at arraignment. The Prosecutor gave her a form apparently used by the Respondent Ramah District Court to record waivers of arraignment. Eriacho signed the form and submitted it to the Ramah District Court, which accepted the waiver.

The form itself lists several rights of the defendant which correspond to the rights required to be read to the defendant at arraignment under Rule 12(c) of the Navajo Rules of Criminal Procedure (Nav. R. Civ. P.). Among these rights is the right to trial by jury. Nav. R. Civ. P. 12(c)(5)(vi). The form states that a defendant has a "right to a jury trial before the judge."

Several months after waiving arraignment, Eriacho requested a jury trial. Eriacho signed her arraignment waiver on February 27, 2004. She first requested a jury trial on June 7, 2004. The Ramah District Court denied her request based on Rule 13(a) of the Navajo Rules of Criminal Procedure (NRCRP). That rule states that "[t]he defendant may demand a jury trial at the time of the arraignment or within 15 days thereafter or it will be deemed waived."

After Eriacho requested and the Ramah District Court denied reconsideration of the original order, she filed a petition for a writ of mandamus. We issued an alternative writ staying the case, and requested briefs from the Ramah District Court and the Navajo Nation as Real Party in Interest. In a previous opinion we held that the Ramah District Court's staff attorney was the appropriate counsel

for the Respondent in this case. We then held oral argument, and now issue this opinion.

## II

The issue in this case is whether Petitioner waived her right to a jury trial by not requesting one within the time required by the Navajo Rules of Criminal Procedure.

## III

### A

We have jurisdiction to issue a writ of mandamus under our authority to issue "any writs or orders [n]ecessary and proper to the complete exercise of [our] jurisdiction." 7 N.N.C. § 303(A). This Court will issue a writ of mandamus against a court to compel a judge to perform a judicial duty required by law, if there is no plain, speedy and adequate remedy at law. *Duncan v. Shiprock District Court*, 8 Nav. R. 581, 587 (Nav. Sup. Ct. 2004). The petitioner must show that (1) he or she has a legal right to have the particular act performed; (2) the judge has a legal duty to perform that act; and (3) the judge failed or neglected to perform the act. *Id.* Here the Ramah District Court already rejected Eriacho's motion for reconsideration, and denial of a jury trial is not a "final" order for appeal. *Id.* Therefore there is no plain, speedy and adequate remedy. The question is whether the court was required to grant a jury trial.

### B

Eriacho argues as a threshold issue that NRCRP 13(a) is invalid on its face because it improperly restricts her right to trial by jury recognized by the Navajo Bill of Rights and the Indian Civil Rights Act. A jury trial is a fundamental right in the Navajo Nation. A jury is a modern manifestation of the Navajo principle of participatory democracy in which the community talks out disputes and makes a collective decision. *See Duncan*, 8 Nav. R. at 592. As a deeply-seeded part of Navajo collective identity, we construe restrictions on the right to a jury trial narrowly. *Id.* at 592–93

The Navajo Nation Council and the United States Congress have limited the right to a trial by jury by requiring a Navajo criminal defendant to affirmatively request one. The Navajo Bill of Rights provision states that "[n]o person accused of an offense punishable by imprisonment ...shall be denied the right, *upon request*, to a trial by jury of not less than six (6) persons." 1 N.N.C. §7 (emphasis added). The Indian Civil Rights Act similarly states that an Indian tribe shall not "deny to any person accused of an offense punishable by imprisonment the right, *upon request*, to a trial by jury of not less than six persons." 25 U.S.C. §1302(10) (emphasis added). Unlike the equivalent federal constitutional right under the Sixth Amendment, there is no automatic right to a trial by jury, as the defendant may waive the right by failing to request it. The initial question is whether Rule

13(a) improperly sets a time limit on the right to *request* a jury trial, or, at the very least, sets an unreasonably short time period in which to assert the right.

A court rule may require a defendant to affirmatively request a jury trial within a specific time period. We have recognized the ability of a defendant to waive a fundamental right. *Stanley v. Navajo Nation*, 6 Nav. R 284, 289 (1990). As a matter of due process, however, the waiver must be a "knowing, [and] intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* Rule 13(a) acts as a waiver of the defendant's right to request a jury trial by requiring the defendant to file his or her request within about two weeks after arraignment. The rule interprets the defendant's failure to act within the time period as an affirmative waiver. We see nothing in the Navajo Bill of Rights or the Indian Civil Rights Act that prohibits the courts from interpreting inaction within a specific period of time as a knowing and intelligent decision not to request a jury trial. Failure to act can be a waiver, and interpreting the failure to act after a certain time period to be a waiver is not prohibited.

The time limitation serves important purposes that necessarily impact the right to request a jury trial. Both the Navajo Bill of Rights and the Indian Civil Rights Act require an affirmative request based on the realities of tribal court practice. For the smooth and efficient management of the expanding dockets of the Navajo courts, there must be a time limit beyond which the right to a jury trial is deemed waived. The process to select a jury within the Navajo Nation is lengthy and costly for under-funded courts. *See* NRCRP 34-36. If the right to request a jury trial had no time limit, a defendant conceivably could request a jury in the middle of the trial, causing significant delay in the individual case, and considerable shifts in the court's calendar, pushing other cases back while the court selects and prepares the jury. Unlike civil litigants, criminal defendants have a separate right to a speedy trial that may be violated by such necessary delays. 1 N.N.C. § 7; 25 U.S.C. § 1302(6); *see Navajo Nation v. McDonald*, 7 Nav. R. 1, 11 (1992) (discussing speedy trial right). Also, as with other pre-trial requests, fairness to the other party to the litigation, both in civil and criminal cases, mandates that there be a smooth and predictable process leading up to trial. Under these reasons, the establishment of a time limit to assert a jury trial is not, in itself, improper.

The specific time period, fifteen (15) days from arraignment, is not unreasonably short. While this time period is shorter than the time period provided civil litigants, *see* Navajo Rules of Civil Procedure 38(b) (allowing request up to time the court issues notice of hearing), it is not too short given the right to a speedy criminal trial and the other considerations discussed above. The rule allows a full two weeks from arraignment (or its functional equivalent) to submit a request, giving the defendant ample time to consider his or her options and inform the court of his or her election of a trial by jury. The only remaining

question is whether Eriacho's waiver in this case was otherwise "knowing and intelligent."

## C

As discussed above, as a matter of due process, a defendant's waiver of a fundamental right such as the right to a jury trial must be "knowing and intelligent." This test comes from the U.S. Supreme Court's interpretation of the equivalent right to due process under the United States Constitution. *See Stanley*, 6 Nav. R. at 289 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Though we originally adopted that standard without reference to Navajo Common Law, we reiterate that standard as consistent with Navajo principles of due process under the Navajo Bill of Rights.[1]

We expand on our previous statement in *Stanley* by requiring meaningful notice and explanation of the right to request a jury trial before we will recognize the failure to request the jury trial as "knowing and intelligent." In *Navajo Nation v. Rodriguez* we recently interpreted a similar waiver of fundamental rights under Navajo Common Law. 8 Nav. R. 604, 614–16 (Nav. Sup. Ct. 2004). We adopted the federal *Miranda* standard as consistent with the Common Law interpretation of the Navajo Bill of Rights to judge the validity of a waiver of the right against self-incrimination and an attorney while in police custody. *Id.* at 614. However, we broadened the requirements under Navajo law by requiring meaningful notice and explanation of those rights under the Common Law principle of *hazho'ógo*. *Id.* at 615–16.

We interpreted *hazho'ógo* as mandating more than the mere provision of an English form stating certain rights. *Id.* We stated that *hazho'ógo* requires a patient, respectful discussion with a suspect explaining his or her rights before a waiver is effective. *Id.*

As *hazho'ógo* requires meaningful notice and explanation of a right before a

---

[1] Though in certain cases we have discussed due process in light of Navajo Common Law, *see Attcity v. District Court for the Judicial District of Window Rock*, 7 Nav. R. 227, 229-230 (1996) (discussing cases); *In re Estate of Goldtooth Begay #2*, 7 Nav. R. 29, 31 (1992) ("Due process is fundamental fairness in a Navajo cultural context."), in other cases, such as *Stanley*, we have adopted federal principles directly. In light of our recent case law interpreting ambiguous statutory language in light of *Di yin Nohookaa Diné'e Bi Beehaz'aanii* (Navajo Common Law), *Tso v. Navajo Housing Authority*, 8 Nav. R. 548, 557 (Nav. Sup. Ct. 2004), we review the meaning of "due process" in the Navajo Bill of Rights consistent with Navajo Common Law principles. *See Fort Defiance Housing Corp.v. Lowe*, 8 Nav. R. 463, 474 (Nav. Sup. Ct. 2004) (interpreting forcible entry and detainer statute consistent with due process as informed by Common Law principle of *k'é*). This means that we are not bound to follow previous case law that applies federal standards to our Bill of Rights without consideration of Common Law, but may review the question again in light of Navajo principles. However, we still consider federal approaches to the problem, particularly when the use of non-traditional devices such as courts, police, and jails are at issue. *Rodriguez*, 8 Nav. R. at 614.

waiver of that right is effective, it requires, at a bare minimum, that the Nation give notice that the right to a jury trial may be waived by inaction. For notice to be meaningful, and therefore a waiver to be effective, the Navajo government must explain to the defendant that the jury trial right is not absolute, as it may be waived by doing nothing within a certain time. Absent this explanation, the information received by a defendant is incomplete, as it appears the right is automatic and perpetual, like the federal constitutional right. Without this information, the waiver by inaction is not truly knowing and intelligent, and would violate the defendant's right to due process.[2] As the description of the right to jury trial in the waiver of arraignment form does not include a statement that the right must be exercised within fifteen days, Eriacho's failure to request it within that time was not a knowing and intelligent waiver.[3]

At oral argument the Ramah District Court asserted that any requirement of notice of the time period would create a "slippery slope" by forcing a court to give notice to defendants of all procedural requirements in the Rules of Criminal Procedure. Further, according to Respondent, any notice requirement would force a district court to improperly act as the defendant's counsel at arraignment. We do not see our ruling today to apply to all time limits in the rules. Unlike mere procedural requests, the waiver of a trial by jury involves a fundamental right of the defendant requiring knowing and intelligent action to be effective under Navajo due process. Other lesser tactical decisions involve no such right, and, consequently, require no affirmative notice by the court. Further, the additional requirement that the defendant be informed of the time limit involves no improper legal "advice," but merely accurately states the full scope of the right to a jury trial within the Navajo Nation to make sure any waiver is truly "knowing and intelligent." The addition of several more words in an arraignment or its functional equivalent should cause no great burden on the court.

2 At oral argument, the Ramah District Court suggested that an explanation of the right to a jury trial was not necessary due to Ms. Eriacho's income, while the Navajo Nation separately suggested one was not necessary due to Eriacho's apparent education level. We reject any rule that conditions the respectful explanation of rights under Navajo due process on subjective assumptions concerning the defendant. This right exists for all defendants in our system.

3 We note additional concerns in the process by which Eriacho waived her arraignment. At oral argument both sides discussed how the waiver came about at the Office of the Prosecutor. There was no record created by the Ramah District Court or the Office of the Prosecutor to show what Eriacho was told in addition to the defective form. As an analysis of the appropriateness of the use of arraignment waivers distributed by prosecutors and later approved by the court is not necessary to this case, we reserve comment until properly before this Court. We also reserve any question of whether the information communicated by the Prosecutor was otherwise sufficient under *hazho'ógo, see Rodriguez*, 8 Nav. R. at 615–16, because the lack of any written information on the effect of a failure to request a jury trial within the time period itself rendered any waiver ineffective.

## IV

Based on the above, Eriacho did not waive her right to a jury trial, and the Ramah District Court improperly denied her request. We therefore issue a permanent writ of mandamus requiring the court to grant Eriacho's request and hold a jury trial in this case.