*Ruby D. WATSON*
Petitioner-Appellant
*vs.*
*Eddie Paul WATSON*
Respondent-Appellee

In the Supreme Court of the Navajo Nation

No. SC-CV-45-03

March 2, 2005

Dennis Glanzer, Esq., Flagstaff, Arizona, for Appellant.

Loretta Nez, Esq., Tuba City, Navajo Nation, for Appellee.

Before FERGUSON, Acting Chief Justice, and BEGAY and TOLEDO, Associate Justices.

This case concerns the award of interest on child and spousal support arrearages, the use of life insurance to secure payment of support, and the prospective reduction of spousal support. Based on our review, we vacate the Tuba City Family Court's order in part and remand for further proceedings.[1]

## I

The undisputed facts are as follows. Appellant Ruby Watson is an unskilled older woman. Appellee Eddie Paul Watson is employed at Peabody Coal. The parties were married in 1964 and have two children. The parties initially were legally separated. The Tuba City District Court issued a Final Order of Legal Separation (Separation Order) in 1988 that granted Ruby Watson a Joint Use Area (JUA) home that was applied for under Eddie Paul Watson's name. The Court also ordered Eddie Paul Watson to pay child support at a rate of $500 a month and spousal support at a rate of $800 a month. Eddie Paul Watson did not appeal the Separation Order. He also did not make the required payments.

Ruby Watson filed a petition for divorce and a motion for an order to show cause on the non-payment of support in 2001. She sought arrearages for non-payment of child support and spousal support awarded in the Separation Order. After a series of hearings and minute orders, the Tuba City Family Court issued its Final Decree of Dissolution of Marriage (Decree) in 2003. The Decree incorporated decisions made at various times during the proceedings and issued in minute orders. In the Decree the court awarded arrearages on both child support and spousal support, but declined to apply interest to those arrearages. It also credited half the value of the JUA home against the spousal support arrearages, so that Eddie Paul Watson owed less than the full amount of back payments for spousal support. It denied Ruby Watson's request that Eddie Paul Watson be required to take out a life insurance policy as security for payment of the amounts owed to her. Finally, it reduced prospective spousal support from $800 to $200. This appeal followed.

---

[1] Eddie Paul Watson's counsel did not enter an appearance on appeal and Mr. Watson did not file a brief. We therefore decide this case on the record. *See* Navajo Rules of Civil Appellate Procedure 12(c).

## II

The issues in the case are:

1. Whether the trial court abused its discretion by denying interest on child support and spousal support arrearages;

2. Whether the trial court abused its discretion by crediting half the value of a Joint Use Area (JUA) house previously awarded against spousal support arrearages;

3. Whether the trial court abused its discretion in denying a request to order Appellee to take out a life insurance policy as security for payment of the arrearages; and

4. Whether the trial court abused its discretion by reducing prospective spousal support from $800 a month to $200 a month.

## III

Appellant first argues that the Court wrongly refused to grant interest on child support and spousal support. In *Yazzie v. Yazzie*, 7 Nav. R 203 (1996), we required a family court to award 10% interest calculated on a month-to-month basis for child support arrearages. Our rationale for awarding interest was "not to penalize or punish," but to reach "an equitable amount to be paid." *Id.* at 206. The 10% compounded formula "[is to] be used as an incentive for the parent paying child support to pay on time." *Id.*

Based on *Yazzie*, the trial court erred when it refused to apply interest on the child support arrearage. There was no discretion to refuse to award interest, and we therefore vacate that portion of the Decree. Further, we see no reason to treat spousal support differently than child support. Both provide necessary support, and the award of interest creates the same incentive to make the important payments. Therefore, we hold that interest is required on spousal support arrearages, and that the interest rate is the same as for child support - 10% calculated on a month-to-month basis. We therefore also vacate the portion of the Decree concerning spousal support interest.

## IV

Appellant next argues that the court wrongly credited half the amount of the JUA home against the spousal support arrearages. In a different *Yazzie v. Yazzie* case, 7 Nav. R. 33 (1992), this Court ruled that arrearages of spousal support could not be retroactively modified, as each month's award is an absolute and cumulative debt when it becomes due. *Id.* at 35. Once the arrearage amount was set, through the Separation Order and Eddie Paul Watson's failure to appeal the Order, the court could not change it. Therefore, the credit was an abuse of discretion.

## V

Appellant next argues that the court wrongly rejected her request to force Eddie Paul Watson to take out a life insurance policy to secure payment of the owed amounts. We cannot make a ruling on this issue, as the court included no reasons for denying life insurance. While the type of enforcement selected by the court to secure payment is discretionary, that does not mean that it does not have to provide reasons for its decision. To facilitate appellate review, we must know why a decision was made, so that we may decide whether an abuse of discretion occurred. *Cf. Navajo Nation v. Badonie*, 8 Nav. R. 507, 509 (Nav. Sup. Ct. 2004) (requiring findings of fact in criminal cases when trial occurs); *Burbank v. Clarke*, 7 Nav. R. 368, 372 (Nav. Sup. Ct. 1999) (requiring findings of fact in civil cases). We do not mean to say that all procedural or evidentiary decisions made at all points in a proceeding require such reasons, but that decisions that dispose of an issue in the case must be accompanied by them. As the court provided no reasons to decline life insurance, we are forced to remand the case for the court to provide those reasons. If necessary, the court must also include additional findings of facts to support its reasons.

## VI

Appellant's final argument is that the court wrongly reduced Ruby Watson's prospective spousal support from $800 to $200. For a court to modify an existing decree for spousal support there must be "changed circumstances which must be both substantial and continuing." *Yazzie*, 7 Nav. R. at 34. Here, like the life insurance decision, there are no reasons provided for the reduction. We therefore must also require the court on remand to provide reasons that track the "changed circumstances" standard. The court must also include additional findings of fact concerning the litigants' circumstances to support its reasons for its decision.

## VII

Based on the above, we VACATE the Tuba City Family Court's Decree in part. Specifically, we vacate the portions of the Decree that denied interest on the child support and spousal support arrearage and the portion that credited half the value of the JUA home to the spousal support arrearage. We ORDER the Tuba City Family Court to require Eddie Paul Watson to pay interest and to reinstate the full spousal support arrearages. We REMAND the portions of the Decree concerning life insurance and the reduction of prospective spousal support to provide reasons, and, if necessary, findings of fact supporting those reasons.