*Dorothy PHILLIPS*
Appellant
*vs.*
*NAVAJO HOUSING AUTHORITY*
Appellee
In the Supreme Court of the Navajo Nation

No. SC-CV-13-05

December 8, 2005

752

David Jordan and Alisha Thompson, Gallup, New Mexico, for Appellant.

Calvin Lee Jr., Window Rock, Navajo Nation, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON and HOLGATE, Associate Justices.

An owner of a mutual help home sued the Navajo Housing Authority for damages arising from NHA's alleged failure to complete renovations to her home. The Shiprock District Court dismissed the case, apparently ruling that NHA had sovereign immunity based on a Navajo Nation Council resolution passed after the filing of the suit. The Court vacates the district court's decision and remands for further proceedings.

I

The relevant facts are taken from the parties' pleadings and the record of the Shiprock District court.[1] Appellant Dorothy Phillips (Phillips) owns a mutual help home in the Aneth Subdivision in the Utah portion of the Navajo Reservation. Appellee Navajo Housing Authority (NHA) began renovating Phillips' home. Phillips moved out of her home temporarily for the renovations to be done. A dispute arose between Phillips and NHA concerning the renovations, and, for reasons still in dispute, Phillips never moved back into her home.

Phillips filed a complaint against the Navajo Housing Authority in the Shiprock District Court on August 30, 2004. In her complaint Phillips alleged that NHA never completed the renovations and asserted several claims: (1) property damage, (2) damages based on promissory estoppel, (3) damages for breach of contract, and (4) damages for defamation. While the suit was pending, the Navajo Nation Council passed Resolution No. CO-55-04 (Resolution) on October 19, 2004, which the President signed on October 29, 2004. The body of the Resolution added the Navajo Nation Legislative Branch and NHA to the list of entities considered the "Navajo Nation" under the Navajo Nation Sovereign Immunity Act (Sovereign Immunity Act). The "Be It Enacted" section of the Resolution states that "[t]he intent of the Navajo Nation Council is to affirm that

---

1 At oral argument the parties made numerous allegations concerning the merits of the case. As there have been no factual findings on any of these allegations, and, as the issues in this case concern sovereign immunity and not the merits of the underlying case, the Court does not consider the allegations as part of its decision.

the Navajo Nation Legislative Branch and Navajo Housing Authority are covered by the sovereign immunity of the Navajo Nation."

Based on the Resolution, NHA moved for dismissal, arguing it was immune from suit. NHA filed the motion on January 6, 2005. Without a response from Phillips, Shiprock District Court granted the motion on January 20,2005. The order simply states that the motion is "well-taken." Phillips then filed her appeal. The Court held oral argument on November 16, 2005, and now issues its decision.

## II

The issues in this case are (1) whether failure of a party to respond to a motion to dismiss within fourteen days of service constitutes a waiver of the right to argue on appeal against an order granting the motion, (2) whether a resolution purporting to include Navajo Housing Authority under the Sovereign Immunity Act is "retroactive legislation" if the Court applied it to a suit filed before the resolution's passage, and (3) if so, whether the Navajo Nation Council clearly intended that the resolution apply retroactively.

## III

Before considering the merits of the appeal, the Court disposes of a threshold procedural issue. Phillips argues that the grant of the motion to dismiss without waiting for her response violated her right to Due Process. NHA argues that granting the motion was entirely proper, as she had ample time to respond to it. The Court looks at the issue slightly differently than the parties. The real issue is whether failure to respond to the motion prevents Phillips from arguing on appeal that the order granting the motion was improper.[2]

As the Court has previously ruled, failure to respond to a motion is not an admission the court should grant the motion, and the Court concludes today that such failure, in the context of this case, is not a waiver of the right to argue the merits on appeal. As the parties point out, there is no rule in the Navajo Rules of Civil Procedure setting a deadline to respond to a motion. Therefore, the district courts are left to set up their own deadline, consistent with the requirements of Due Process. However, whether or not the time allotted to Phillips was fair, failure to respond to a motion is not an admission that the court should grant the motion. See *Navajo Housing Authority v. Bluffview Resident Management Corp.*, 8 Nav. R. 402, 414 n. 5 (Nav. Sup. Ct. 2003). Failure to respond to a motion to

2 A ruling that the motion was improperly granted for failure to allow a response does not help Phillips on the merits of this appeal, as, if the Court agrees, the Court would be required to remand the case to allow her to respond to the motion. Assuming Shiprock District Court again granted the motion, this case would again be up on appeal on the same issue now before it, and Phillips would then be in the exact same position she is in now. In the interest of judicial economy, the Court reframes the issue in terms of a waiver of Phillips' right to argue against the order of dismissal on appeal, which, if there were a waiver, would require dismissal of the entire case.

dismiss before a deadline clearly established by the district court, however, might be a waiver of a party's right to argue against the order of dismissal on appeal. Regardless, the Court will not deny an appellant's right to argue against an order of dismissal if the district court did not give notice of the deadline for a response. In the absence of a timeline in the Navajo Rules of Civil Procedure, the district courts can supply their own deadline, but, at a minimum, the courts must inform the party responding to the motion of the deadline to file his or her response. Due process requires no less. In this case, the Shiprock District Court provided no timeline, and the Court therefore considers Phillips' arguments against the order of dismissal.

## IV

The central issue in this appeal is the Shiprock District Court's apparent dismissal of Phillips' complaint due to NHA's immunity from suit.[3] The appropriateness of the dismissal depends on whether the Resolution is "retroactive legislation," that is, whether the Resolution changes the legal landscape by applying newly granted sovereign immunity to suits filed before the Resolution's effective date. NHA argues that the Resolution is not "retroactive legislation" because it merely "clarifies" that NHA was always covered under the Sovereign Immunity Act. NHA suggests, without stating explicitly, that the Council merely corrected an erroneous interpretation of this Court, which NHA characterizes tactfully as "confusion" over the last few years over the scope of NHA's immunity. Phillips disagrees, arguing that at the time of her suit, NHA clearly had no immunity, and was not covered by the Sovereign Immunity Act. The Resolution, which purports to include NHA under the "Navajo Nation" for purposes of immunity, according to Phillips, changed NHA's status, and

3 The order of dismissal itself states no reasons for the decision, but merely states that the motion is "well-taken." The Court has consistently required findings of fact and conclusions of law so that the parties may understand the decision and so that this Court may effectively review the decision on appeal. *See Watson v. Watson*, 8 Nav. R. 638, 642 (Nav. Sup. Ct. 2005) (requiring findings of fact for discretionary decisions that dispose of an issue in the case); *Navajo Nation v Badonie*, 8 Nav. R. 507, 509 (Nav. Sup. Ct. 2004) (requiring findings of fact in criminal cases when trial occurs); *Burbank v. Clarke*, 7 Nav. R. 368, 372 (Nav. Sup. Ct. 1999) (requiring findings of fact in civil cases); *Help v. Silvers*, 4 Nav. R. 46, 47 (Nav. Sup. Ct. 1983) (same). The failure to include such findings and conclusions can result in the vacating of the district court's decision and a remand for further proceedings. *See, e.g., Watson*, 8 Nav. R. at 642. However, in this case, NHA's motion to dismiss primarily relies on the Resolution, and it reasonable to believe the dismissal was, at least partially, based on sovereign immunity. Further, as sovereign immunity is a jurisdictional defense, *Johnson v. Navajo Nation*, 5 Nav. R. 192, 195 (Nav. Sup. Ct. 1987), and therefore may be brought up on appeal for the first time, and as fairness to the parties mandates that the Court avoid unnecessary remands, the Court assumes, as the parties do, that the Shiprock District Court dismissed the case because it believed NHA was immune from suit pursuant to the Resolution.

therefore her ability to seek relief.[4] If the Court interprets the Resolution to bar Phillips' claims, she argues, the Resolution would have retroactive effect.

Phillips is correct, as this Court's consistent interpretation of NHA's plan of operation up to the passage of the Resolution had been that it had no sovereign immunity. Beginning in 1987 in *Navajo Housing Authority v. Howard Dana and Associates*, 5 Nav. R. 157 (Nav. Sup. Ct.), this Court interpreted a provision of NHA's plan of operation as the Council's waiver of any alleged sovereign immunity:

> The Navajo Tribe gives its irrevocable consent to allowing the Authority to sue and be sued in its corporate name, upon any contract, claim or obligation arising out of its activities, the Authority to agree by contract to waive any immunity from suit which the Navajo Housing Authority might otherwise have.

6 N.N.C. § 616(b)(l) (1995). Further, the Court did not require the plaintiff to fulfill any of the notice or other procedural requirements of the Sovereign Immunity Act. The Court reiterated that holding in 2003 in *Bluffview*, and stated explicitly that NHA was not included in Sovereign Immunity Act, but was covered by Section 616 of its plan of operation. 8 Nav. R. at 415. In 2004, the Court again held that NHA had no sovereign immunity from suit due to Section 616. *Tso v. Navajo Housing Authority*, 8 Nav. R. 548, 556 (Nav. Sup. Ct. 2004). Far from there being some latter-day "confusion," the Court has consistently held for seventeen years leading up to the action of the Council that NHA was not covered by the Sovereign Immunity Act, and had no immunity from suit pursuant to the plain language of its plan of operation.

Based on this history, it is clear that the Resolution did not merely "clarify" an ambiguity, but altered the legal landscape by purporting to bring NHA under the Sovereign Immunity Act. Before the Resolution, under the Court's precedents, Phillips had a cause of action outside of the Sovereign Immunity Act to seek relief against NHA. The Resolution allegedly changes that, apparently requiring Phillips to follow the procedural and jurisdictional limitations of the Act, which, among things, requires notice of the suit to the Attorney General and the President and allows NHA to transfer the case from the Shiprock District Court to the Window Rock District Court. 1 N.N.C. §§ 555(A); (D) (1995). Were this Court to recognize sovereign immunity in this case pursuant to the Resolution, the Court would be applying the act retroactively. The Resolution alters Phillip's ability to litigate a case filed before the Resolution's effective date, and therefore burdens an important property right. *See In re Certified Questions*, 8 Nav. R. 132, 139 n. 4 (Nav. Sup. Ct. 2001) (recognizing right to cause of action as property right under Navajo Due Process); *Benally v. Big A Well Service, Co.*, 8 Nav. R. 60, 67 (Nav.

---

4 The Court assumes, without establishing, that NHA is immune from suit after the effective date of the legislation, except as permitted by the Sovereign Immunity Act. As it is not necessary to decide the question, the Court offers no opinion.

Sup. Ct. 2000) (same).[5]

## IV

The real question in this case is whether the Resolution does apply retroactively. Phillips argues that there is no clear intent in the Resolution to apply sovereign immunity to cases filed before the Resolution's passage. NHA makes no direct argument on this point. A Council resolution will not have retroactive effect unless its language requires that result. *Ramah Navajo Community School v. Navajo Nation*, 8 Nav. R. 141, 147–48 (Nav. Sup. Ct. 2001). Therefore, before the Court decides whether the retroactive application of a resolution is valid under the Navajo Bill of Rights, the Council must have shown its clear intent that it meant to apply the resolution retroactively at all. This rule, adopted from the United States Supreme Court, *see id.*, is consistent with the Navajo concept of *ííshjání ádooníí̜ł*, which mandates that Navajo laws must be clear so that our people may understand them. *See Yazzie v. Thompson*, 8 Nav. R. 693, 696 (Nav. Sup. Ct. 2005); *Rough Rock Community School v. Navajo Nation*, 7 Nav. R. 168, 174 (Nav. Sup. Ct. 1995). This clarity requirement takes on particular importance in laws affecting homes, as homes hold a central place in Navajo thinking. *See Fort Defiance Housing Corp. v. Lowe*, 8 Nav. R. 463, 473–74 (Nav. Sup. Ct. 2004) (discussing importance of homes). The Court will not interpret such laws to burden the ability of Navajos to live in safe and secure homes unless clearly stated by the Council. *Cf. Duncan v. Shiprock District Court*, 8 Nav. R. 581, 593 (Nav. Sup. Ct. 2004) (declining to restrict right to jury trial unless clearly stated by Council).

The Resolution lacks the necessary clarity, and therefore cannot have retroactive effect. The body of the Resolution merely adds "Legislative Branch" and "Navajo Housing Authority" to the list of entities considered the Navajo Nation. There is a sentence in the "Be it Enacted" section of the Resolution which states that "the intent of the Navajo Nation Council is to affirm that the ... Navajo Housing Authority [is] covered by the sovereign immunity of the Navajo Nation:" There is nothing explicitly making the Resolution retroactive. The only possible reference is the word "affirm." The word "affirm" suggests that the Council was merely recognizing that NHA always had immunity. However, as discussed above, NHA's immunity, if any, started on the effective date of the legislation. The word "affirm," by itself, does not clearly mandate retroactive

5 The Court notes that the holding in *In re Certified Questions* appears to have been ignored by the Council in the new version of the Navajo Code. In that case, the Court ruled that Resolution No. CJA-18-00 was not a "legislative act" and therefore not binding law. 8 Nav. R. at 7-8. However, in the new 2005 Code, the resolution's language appears as 15 N.N.C. §1013. Further, the language of the resolution has been altered, significantly changing the meaning. Where the language of the resolution had anticipated a comprehensive workers' compensation statute to be passed to address non-Navajo Nation employers, and included a temporary provision recognizing state programs until such passage, *see* Resolution No. CJA-18-00, §2, the Code states that "the right to receive workers' compensation ...shall be the exclusive remedy against employers." 15 N.N.C.§1013 (2005).

application, but merely is an attempt to bolster the position that NHA always had immunity, a position rejected by the Court earlier in this opinion. Lacking clear intent by the Council in the Resolution, Phillips is not barred from bringing this suit, and the Shiprock District Court erred.

## V

Based on the above, the Court VACATES the order of dismissal and REMANDS the case for further proceedings in the Shiprock District Court. Sovereign immunity is not a defense in this action, but the Court does not prohibit NHA from asserting other non-immunity based defenses on remand.