*518
OPINION

This case concerns whether Navajo Nation courts have personal jurisdiction over a liquor store and its non-Indian owners that sold alcohol to Navajos outside the Navajo Nation, when consumption of that alcohol allegedly caused an accident on the Navajo Nation. The Court remands to the Kayenta District Court for further proceedings.
I
The relevant facts are as follows. An accident occurred within the Navajo Nation where Appellants Navajo Transport Services and Walter and Rita Belin suffered damages. On the day of the accident, Appellee Eagle Claw Trading Post and Liquor Store located near Cortez, Colorado, owned by Appellees Charles and Sandy Colorado, sold alcohol to Navajo occupants of the vehicle that hit Appellants. Appellants filed a complaint against Appellees in Kayenta District Court, alleging that the liquor store borders the Navajo Nation and that the Navajo purchasers consumed the alcohol from Eagle Claw, became intoxicated, entered the Navajo Nation, and caused the accident.[1] Appel-lees filed a motion to dismiss for lack of personal jurisdiction.[2] The District Court first denied the motion, ruling there was personal jurisdiction. The District Court included detailed findings of fact, based on Appellants’ allegations in their complaint, and applied Navajo Nation statutory law and the federal concept of “minimum contacts” to find jurisdiction. After the denial of the motion to dismiss, the parties engaged in discovery. Based on additional information provided in depositions, Appel-lees filed for summary judgment, again claiming that the District Court lacked personal jurisdiction over them. This time, the District Court agreed, granting summary judgment to Appellees and dismissing the case.[3] In its second decision, the District Court included no facts, and relied on federal and state cases on “minimum contacts” to rule that the District Court lacked personal jurisdiction over a “border town” liquor store in the absence of that store advertising within the Navajo Nation. This appeal followed. This Court held oral argument at Dartmouth College on February 12, 2007.
II
The issue in this case is whether the Navajo Nation courts have personal jurisdiction over a liquor store and its non- *519 Indian owners located outside the Navajo Nation, when they sold liquor to Navajos, and when the Navajo purchasers allegedly consumed that alcohol, became intoxicated, entered the Navajo Nation and caused an accident.
III
Whether there is personal jurisdiction over a party is a question of law. Whether summary judgment was properly granted is also a question of law. Benally v. Mobil Oil, 4 Am. Tribal Law 686, 689, 2003 WL 25794036, *1 (Nav.Sup.Ct.2003). The Court reviews such legal questions de novo, with no deference given to the District Court’s legal conclusions. Navajo Nation v. Kelly, 6 Am. Tribal Law 772, 774, 2006 WL 6168966, *1 (Nav.Sup.Ct.2006).
IV
This case turns on the concept of “personal jurisdiction.” To hear a case, our courts must have both subject matter jurisdiction and personal jurisdiction. See Nelson v. Pfizer, 4 Am. Tribal Law 680, 685-86, 2003 WL 25794136, **4-5 (Nav.Sup.Ct.2003). Subject matter jurisdiction means that a court has authority over a case or issue, as defined by Navajo Nation statutory law and the Treaty of 1868. See Dale Nicholson Trust v. Chavez, 5 Am. Tribal Law 365, 372-74, 2004 WL 5658105, **5-7 (Nav.Sup.Ct.2004) (discussing subject matter jurisdiction of Navajo Nation courts under Treaty of 1868); 7 N.N.C. §§ 253 (defining subject matter jurisdiction of district and family courts); 254 (defining territorial jurisdiction of Navajo Nation courts); 302; 303 (2005) (defining subject matter jurisdiction of Supreme Court). Personal jurisdiction means that a court has authority over a party, even if he or she resides outside the Navajo Nation, if he or she consents to have the case heard in the Navajo courts, or if his or her actions have effects within the Navajo Nation. See Sells v. Espil, 6 Nav. R. 195, 197 (Nav.Sup.Ct.1990); Billie v. Abbott, 6 Nav. R. 66, 73-74 (Nav.Sup.Ct.1988). Appellants argue that the Kayenta District Court wrongly ruled it did not have personal jurisdiction. They contend that Ap-pellees’ sale of alcohol caused damage to persons on the Navajo Nation, and they therefore must defend their actions in the Navajo court system, even though they legally sell alcohol outside the Navajo Nation. Appellees disagree, arguing that the District Court correctly ruled that they have no contacts with the Navajo Nation that would justify personal jurisdiction, and that the mere proximity of their business to the boundary of the Navajo Nation is insufficient in itself to exert such jurisdiction.
Review of the District Court’s decision is hampered by the lack of facts and analysis of Navajo Nation law. Curiously, the District Court previously ruled that the court had personal jurisdiction over Appellees, relying on the Nation’s “long arm” statute, 7 N.N.C. § 253a (2005), and “dram shop” statute, 7 N.N.C. § 207 (1995),[4] as well as an analysis of the federal test used to analyze state assertions of personal jurisdiction, which requires the defendant to have “minimum contacts” with the forum, see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In that decision, the District Court included detailed factual findings supporting its conclusion. However, the District Court later reversed that decision, concluding it did not have personal juris *520 diction. In its second decision, the District Court granted summary judgment, to Ap-pellees, but included no facts, and relied simply on several state cases it claimed precluded personal jurisdiction over “border town” liquor stores in the absence of advertising in the forum asserting jurisdiction.[5]
This Court has emphasized for twenty-five years that district courts must include factual findings in their decisions. See Phillips v. Navajo Homing Authority, 6 Am. Tribal Law 708, 710-11 n. 3, 2005 WL 6236356, *2 n. 3 (Nav.Sup.Ct.2005); Watson o. Watson, 2005 WL 6235871, *2, 6 Am. Tribal Law 644, 647 (Nav.Sup.Ct. 2005); Navajo Nation v. Badonie, 5 Am. Tribal Law 416, 417, 2004 WL 5658159, *1 (Nav.Sup.Ct.2004); Burbank v. Clarke, 7 Nav. R. 369, 372, 1 Am. Tribal Law 701 (Nav.Sup.Ct.1999); Help v. Silvers, 4 Nav. R. 46, 47 (Nav.Ct.App.1983). Through factual findings the court informs the parties what it relied on to reach its decision, and allows this Court to review the decision on appeal. In granting summary judgment, the District Court apparently believed there was no dispute of the material facts on the issue of personal jurisdiction. See Benally v. Mobil Oil Corp., 4 Am. Tribal Law 686, 689-90, 2003 WL 25794036, **1-2 (Nav.Sup.Ct.2003) (stating standard for summary judgment). However, the District Court did not state what facts it believed were undisputed or whether new facts not available to the court when it issued its previous decision and presented by Appellees in their summary judgment motion changed its analysis. This Court has vacated and remanded decisions that lacked the necessary findings of fact, requiring the trial court to issue a new decision with the proper findings. See Watson; Badonie; Burbank; Help.
The lack of analysis of Navajo Nation law is a separate problem, because the bare application of federal interpretations of “minimum contacts” ignores the clear policy of the Navajo Nation Council on alcohol. Through clear provisions of the Navajo Nation Code, the Council has outlawed alcohol on the Nation, 17 N.N.C. §§ 410-412 (2005), has made providers of liquor liable for injuries arising out of consumption of their liquor, 7 N.N.C. § 207 (1995), and, most importantly for this case, asserts personal jurisdiction over liquor sellers located outside the Navajo Nation when their liquor causes injuries on the Nation, 7 N.N.C. § 253a(C)(8) (2005). Indeed, the Appellants’ allegations in this case bring Appellees squarely within the long arm statute, and, therefore, in the absence of some reason why the provision is invalid, the Nation’s courts have personal jurisdiction over Appellees.[6] Given the *521 clear mandate of the long arm statute, the District Court would have to find the statute invalid as a violation of Appellees’ due process lights under the Navajo Bill of Rights. See Sells 6 Nav. R. at 197. However, there is no discussion of the statute, whether valid or not, and instead the District Court directly applied cases measuring the scope of states’ personal jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, with no explanation of why those cases were binding on the Navajo Nation. See Billie, 6 Nav. R. at 74 (Navajo courts not bound by federal interpretations of personal jurisdiction under Fourteenth Amendment).
In the absence of factual findings and an analysis of the validity of the long arm statute, the Court cannot effectively review the District Court’s decision, and the Court must remand the case. The interpretation of the long arm statute is a matter of first impression,[7] and presents such important policy questions that this Court cannot decide it with the incomplete analysis presented to it.
The Court provides the following guidance for the District Court on remand. The District Court must first make factual findings based on the submissions of the parties, or, if necessary because of a dispute of material fact, based on an eviden-tiary hearing.[8] The court must then apply the long arm statute, and decide whether the facts of the case fit within Section 253a(C)(8) or any other section of the statute. If the long arm statute allows jurisdiction over Appellees, the District Court must further analyze whether the long arm statute is consistent with Navajo concepts of fairness embedded in the Due Process Clause of the Navajo Bill of Rights. As stated previously by this Court, the Navajo concept of due process is unique, in that it applies concepts of fairness consistent with Navajo values. See Fort Defiance Housing Corp. v. Lowe, 5 Am. Tribal Law 394, 399-400, 2004 WL 5658062, **3-4 (Nav.Sup.Ct.2004) (discussing Navajo concept of due process in terms of k’ e). More generally, this Court has emphasized that federal concepts of civil rights may be considered, but that ultimately the rights set out in the Navajo Bill of Rights are to be interpreted in light of Navajo Fundamental Law. See Navajo Nation v. Kelly, 6 Am. Tribal Law 772, 776-77, 2006 WL 6168966, **3-4 (Nav.Sup.Ct.2006) (Double Jeopardy); Navajo Nation v. Morgan, 2005 WL 6235952, **1-2, 6 Am. Tribal Law 697, 698 (Nav.Sup.Ct.2005) (waiver of right to trial); Eriacho v. Ramah Dist. Cl, 2005 WL 6235849, **3-4, 6 Am. Tribal Law 624, 629-30 (Nav.Sup.Ct.2005) (waiver of right to jury trial); *522 Navajo Nation v. Rodriguez, 2004 WL 5658107, *3, 5 Am. Tribal Law 473, 477 (Nav.Sup.Ct.2004) (validity of confessions); Duncan v. Shiprock Dist. Ct., 2004 WL 5658109, **5-6, 5 Am. Tribal Law 458, 465-66 (Nav.Sup.Ct.2004) (waiver of jury trial). Under these principles, the District Court may consider the federal “minimum contacts” standard, and incorporate it into its analysis. See Sells, 6 Nav. R. at 198-99 (applying “minimum contacts” analysis in light of Navajo due process); Billie, 6 Nav. R. at 74 (same); see also Rodriguez, 2004 WL 5658107, *4, 5 Am. Tribal Law at 478 (stating that Navajos consider all ways of dealing with issues, including considerations of outside jurisdictions’ approaches); Goldtooth v, Naa Tsis’ Aan Community School, Inc., 6 Am. Tribal Law 667, 670-71, 2005 WL 6235969, **3-4 (Nav.Sup.Ct.2005) (same). However, such analysis cannot be used exclusively to decide the issue, as, regardless of federal concepts of due process, the District Court must decide whether, taking into account all the circumstances of the case, the assertion of personal jurisdiction over these Appellees is fair under Navajo values.
V
Based on the above, the Court VACATES the District Court’s decision and REMANDS the case for further proceedings to decide whether there is personal jurisdiction over Appellees. Given the important issues in this case, the District Court shall expedite consideration and issue a decision as soon as possible.

. As the District Court made no findings of fact in the decision on appeal, see infra, at 518-519, the Court characterizes Appellants’ statements concerning the location of the store and the circumstances around the accident as allegations. Based on statements made in the record and at oral argument, however, there is no dispute that Appellees' store sold alcohol on the day of the accident to Navajo occupants of the vehicle that hit Appellants. Whether that liquor indeed contributed to the accident, however, has not yet been established.

. Appellees did not contest subject matter jurisdiction before the District Court, but only alleged a lack of personal jurisdiction. See infra, at 519 (discussing difference between subject matter jurisdiction and personal jurisdiction). At oral argument Appellees stated that they may contest subject matter jurisdiction before a federal court if this Court upholds personal jurisdiction.

.In its decision, the Kayenta District Court stated that summary judgment was an inappropriate device to challenge personal jurisdiction, and instead treated Appellees’ motion as a request for reconsideration of the District Court's previous order finding personal jurisdiction. However, in a subsequent order, the District Court contradicted its previous decision, stating that it indeed granted summary judgment to Appellees. Thus, the Court reviews the case as a grant of summary judgment. See infra, at 520.

. The Navajo Nation Council amended the dram shop statute in 2003, and moved it to a different part of Title 7 of the Navajo Nation Code. See 7 N.N.C. § 631 (2005). As the accident at issue in this case occurred before 2003, the 1995 Code version applies.

. The District Court cited four decisions it characterized as denying personal jurisdiction over "border town” liquor stores, and suggested that this was the universal view of modern state courts. However, only one of the four actually concerns a liquor store. Further, at least one state court has found jurisdiction under circumstances similar to this case. See Ling v. Jan’s Liquors, 237 Kan. 629, 703 P.2d 731, 734 (1985) (finding personal jurisdiction under Kansas long arm statute). Further, none of the cases cited by the District Court concerns the authority of Indian nations under their long arm statutes and tribal bill of rights. See infra, at 521-22.

. Of course, whether Appellees are liable for damages is another question. Merely because there may be personal jurisdiction over Appel-lees does not mean they are liable for damages on the merits. That is a separate determination based on the unique facts brought out in the merits phase of the case. Two of the outstanding issues on the merits are 1) whether or not Navajo law imposes strict liability on liquor sellers for injuries arising out of consumption of their liquor and 2) whether or not comparative responsibility *521 rules apply to make a liquor seller liable for only a portion of the damage if the intoxicated driver of the vehicle also shares responsibility for the accident.

. The Navajo Nation Council passed the long arm statute in 2001. As they were issued before 2001, this Court's prior personal jurisdiction decisions analyzed the issue directly under the Due Process Clause of the Navajo Bill of Rights. See Sells, 6 Nav. R. at 197; Billie, 6 Nav. R. at 73-74.

. One unresolved factual issue is the existence of a sign at Appellees’ store announcing that it is the last liquor store for over two hundred miles. Appellants submitted a photograph to the District Court as part of its request for reconsideration of the dismissal of the case, and therefore it was not available to the District Court at the time of dismissal. The District Court apparently did not rule on the reconsideration request, presumably because it believed it had no jurisdiction after Appellants filed their appeal. The District Court should consider this additional evidence on remand, though what relevance it has to the case is to be considered by that court in the first instance.