OPINION

This case concerns a provision of the Navajo Nation Personnel Policies Manual that governs administrative leave during a disciplinary investigation. The Court vacates the decision of the Office of Hearings and Appeals and remands for further proceedings.
I
The relevant facts are as follows. Ap-pellee Marlene Thomas (Thomas) was put on administrative leave pending an investigation of alleged misconduct by Appellant Chinle Chapter (Chapter) and the Chinle Local Governance Service Center. Pursuant to Section X(B)(3)(c) of the Navajo Nation Personnel Policies Manual (Manual), Thomas was on leave for a total of twenty days, and then returned to work. Appellant Chinle Chapter terminated her after she returned.
Thomas filed a grievance with the Office of Hearings and Appeals contesting her termination. During a hearing on the case, OHA granted summary judgment to Thomas, concluding that Chinle Chapter violated Section X(B)(3)(c)(2) of the Manual by terminating her after she returned to work. This appeal followed.
II
The issue in this case is whether the Navajo Nation Personnel Policies Manual bars a government employer who puts an employee on administrative leave to conduct an investigation of alleged misconduct from terminating that employee after the employee returns to work.
III
Whether a lower tribunal correctly granted summary judgment is a question of law, which the Court reviews de novo. Navajo Transport Services, Inc. v. Schroeder, 7 Am. Tribal Law 516, 518, 2007 WL 5886684, *1 (Nav.Sup.Ct.2007). Therefore, the Court gives no deference to OHA’s legal conclusions. Id.
IY
This case is simple. Summary judgment may be granted when there is no dispute of material fact and when the moving party in entitled to judgment as a matter of law. Schroeder, 7 Am. Tribal Law at 518, 2007 WL 5886684, *2; Benally v. Mobil Oil, 4 Am. Tribal Law 686, 689, 2003 WL 25794036, *1 (Nav.Sup.Ct.2003). The parties do not dispute the material facts. The Chapter argues that OHA wrongly granted Thomas summary judgment because it contends OHA’s legal interpretation of a section of the Manual is incorrect. That section states:
A Program Director may place an employee on administrative leave to investigate alleged misconduct sufficiently serious to bar an employee from the premises to protect persons or Nation resources. Such leave may not exceed five consecutive working days.
*524 (1) Immediate written notice shall be given to the employee of the leave, its purpose and duration, and specific reasons therefore. The employee shall be required to leave the premises immediately.
(2) Upon conclusion of the investigation or the end of the administrative leave, which ever occurs first, if no disciplinary action is taken, the employee shall be allowed to return to work.
(3) When disciplinary action is deemed necessary, it shall be taken in conformance with the appropriate provisions of Section XIII. and XV. herein.
(4) Extensions may be granted by the Department of Personnel Management upon recommendation of the Program Director, but total administrative leave for investigatory purposes shall not exceed 20 working days.
Manual, Section X(B)(3)(c). OHA concluded that subsection 2 means that the employer must discipline the employee before that employee returns to work, and if the employee returns at the end of the administrative leave period without notice of disciplinary action, the employer is barred from taking action later. The Chapter argues that the section does not bar later action, as the purpose of the section is simply to allow administrative leave pending an investigation, not to define when disciplinary action must occur. Thomas argues OHA’s interpretation was correct, and contends that the Manual section means that the employer is barred from terminating the employee after the administrative leave period ends and the employee returns to work.
The Court holds that Chinle Chapter’s interpretation is correct; nothing in Section X(B)(3)(c) requires the employer to terminate the employee before he or she returns to work at the end of the administrative leave period. The purpose of the section is to allow the employer to investigate alleged misconduct without interference by the employee. To facilitate the investigation, the employer may put the employee on paid administrative leave for up to twenty days while it investigates the alleged misconduct. The section caps the amount of leave at twenty days, after whieh, unless disciplinary action is taken, the employee must be allowed to return to work. However, the section does not state that disciplinary action must be taken or is forever barred; the section merely states that the employee cannot be put on administrative leave indefinitely. Indeed, the section anticipates that the investigation may continue after the twenty day leave period, as it states that an employee must be allowed to return to work once the investigation is completed or when the leave period has expired, ‘whichever comes first. There is then no bar on continuing an investigation, and issuing appropriate disciplinary action after the twenty day has expired. There are many reasons why an investigation might take more than the allotted twenty days, and the Manual anticipates this possibility. The section’s clear purpose is to allow, but limit, the amount of paid leave an employee may receive while the employer conducts its investigation; its purpose is not to bind the employer to take disciplinary action within twenty days, whether the investigation is completed or not.
V
Based on the above, OHA’s decision is REVERSED and VACATED. The case is REMANDED for further proceedings on the merits of Thomas’ grievance.