*Janice YAZZIE*
Petitioner-Appellee
*vs.*
*Linda THOMPSON*
Respondent-Appellant

In the Supreme Court of the Navajo Nation

No. SC-CV-69-04

July 21, 2005

Richard Wade, Esq., Crownpoint, Navajo Nation, for Appellant.

Janice Yazzie, Churchrock, Navajo Nation, *pro se*, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON and BEGAY, Associate Justices.

This case concerns a family court's requirement that a prevailing respondent in a Domestic Abuse Protection Act case pay a domestic violence commissioner fee. We reverse the district court.

## I

The relevant facts are as follows. Appellee Janice Yazzie (Yazzie) filed a petition for a protection order against Appellant Linda Thompson (Thompson) under the Domestic Abuse Protection Act (DAPA), 9 N.N.C. §§ 1601 *et seq.* (1995). A domestic violence commissioner appointed by the Crownpoint Family Court heard the petition and found that Yazzie failed to establish that Thompson had violated the act. At the hearing the commissioner stated that Thompson had to pay a $30 fee for his services. The Crownpoint Family Court accepted the commissioner's recommendation and issued an order dismissing Yazzie's petition. Though the order did not require payment of the fee, a note attached to the order from the court clerk requested that Thompson make the payment. Thompson appealed the fee assessment to this Court.

## II

The issue in this case is whether a respondent who is found not to have violated the Domestic Abuse Protection Act is nonetheless responsible to pay a fee for the services of a domestic violence commissioner.

## III

Thompson makes several arguments challenging the imposition of the commissioner fee.[1] All her arguments challenge the validity of one section of DAPA which states "[t]he court shall not charge the petitioner any fee for filing, copies, forms, service of process, or any other services associated with petitioner for a protection order. The court may order the respondent to pay costs and fees." 9 N.N.C. § 1665 (1995) (emphasis added). The Navajo Rules for Domestic Violence Proceedings are consistent with that section, indicating that "[t]he court may require a respondent or defendant to pay any costs or fees." Rule 2.15(m). Thompson asserts that Section 1665, which appears to leave the assessment of fees to the discretion of the family court, violates several of Thompson's rights under the Navajo Bill of Rights. This Court follows the rule that when asked to address the validity of a statute under the Bill of Rights, we first see whether we can resolve the issue on narrower grounds. *See Begay v. Navajo Nation Election Admin.*, 8 Nav. R. 241, 249 n. 1 (Nav. Sup. Ct. 2002). Whether we need to consider the validity of Section 1665 depends on that section's place in the entire DAPA structure.

[1] Yazzie did not file a brief in this appeal, and therefore this Court decides this case on the record. *See* Navajo Rules of Civil Appellate Procedure 12(c).

The fee demanded by the commissioner and assessed by the family court pays for the services of a domestic violence commissioner. The Navajo Rules for Domestic Violence Proceedings authorize the use of a domestic violence commissioner to hear DAPA cases. Rule 2.15(n). In practice, the commissioner conducts the DAPA hearing and submits his or her recommendations to the family court judge, who then issues or declines to issue the orders based on those recommendations. The family court judge may include some but not all of the commissioner's recommendations or include additional relief DAPA and the Rules do not set out how a commissioner is paid, but, based on the facts of this case, the Crownpoint Family Court assesses the fee on the respondent automatically before the protection order hearing is held. In actual practice, whether or not the respondent has been found to have violated DAPA, a respondent is held responsible for the fee. If the fee is not paid, the commissioner is not compensated for his or her services.

While Section 1665 appears in isolation to give the family court the discretion to assess the fee on any respondent, the actual practice, as described above, is that the respondent is always required by the fee. This practice is contrary to DAPA. DAPA forbids the assessment against a prevailing respondent. Section 1665 must be read together with other sections of DAPA, in particular Section 1660, which sets out the possible relief a court may award a petitioner in a protection order. Section 1660 states that in any protection order proceeding, "once the petitioner has met the burden of proof," the Court must grant any relief necessary to prevent further abuse. 9 N.N.C. § 1660(A) (1995). The section then lists nineteen different types of relief, including, importantly "[c]ourt costs and fees." 9 N.N.C. § 1660(A)(17) (1995). Specifically, the family court may "order the respondent to pay the costs of the proceeding, including filing fees, fees for service of process, and photocopy costs." *Id.* Taken together, the plain language of Sections 1660 and 1665 anticipate the assessment of fees, including the commissioner fee, only when the need for a protection order has been proven, and not automatically whenever a commissioner holds a hearing. To interpret these provisions otherwise would punish an innocent respondent. It is patently unfair to impose a fee on a person who did not bring the action and was found not to have committed abuse. This Court therefore holds that the assessment of a fee in this case was contrary to the provisions of DAPA. We therefore need not consider the validity of Section 1665 under the Navajo Bill of Rights.

This Court is aware that our ruling will have a significant effect on the current DAPA structure. The use of commissioners is obviously necessary, the work of commissioners is laudable, and commissioners should be compensated for their service to the Navajo Nation. However, a prevailing respondent should not bear the burden. Consistent with the principle of *ííshjání ádooníí*̱ which

our laws and rules should be clear,[2] this Court, pursuant to 7 N.N.C. § 601 (as amended by Navajo Nation Council Resolution No. CO-72-03 (October 24, 2003)) will amend the domestic violence rules to address this issue. In the meantime, the Judicial Branch must address the administrative problem of compensating the commissioners.

### IV

Based on the above, we VACATE the assessment of the commissioner fee.

---

2 This Court has previously expressed this principle as "ashjoni adoolnil" to require the election process to be "clear, obvious, certain or definite." *Rough Rock Community School v. Navajo Nation*, 7 Nav. R. 168, 174 (Nav. Sup. Ct. 1995). The principle might also be expressed as *doo naaki niljjgóó, t'áá ííshjánígo*, or *t'áá bééhozínígo*. At the heart of each phrase is the principle that our statutes and rules must be clear so that the people may understand them and can follow them.