OPINION

This case concerns a. challenge to a recall petition. The Court affirms the decision of the Office of Hearings and Appeals.
I
This case arises out of a recall petition filed with the Navajo Election Administration (NEA) against Houck Chapter President Anderson Morgan, Sr. (Morgan). Pursuant to the Navajo Election Code, citizens of the Chapter formed a recall committee (Committee) and filed a recall petition with NEA. NEA initially rejected the petition, informing the Committee that the petition did not have enough signatures. The Committee refiled an amended petition fifteen days after withdrawing the original petition. NEA certified the amended petition, recording that 334 out of 520 registered voters signed the petition, or twenty-two more than the 60 percent of registered voters required under the Election Code. See 11 N.N.C. § 242(B) (2005).
Pursuant to the Election Code. Morgan filed a challenge to the petition before the Office of Hearings and Appeals (011A). He specifically challenged fifteen signatures, alleging fraud and coercion, and asserting that the petition was therefore invalid. OHA scheduled an evidentiary hearing but continued the hearing to allow; Morgan to find an attorney. Morgan, found an attorney, who filed a motion for continuance three days before the second; hearing. Morgan appeared at the second; hearing without legal counsel. Counsel for the Committee moved to dismiss the challenge, asserting that the petition was valid; regardless of the alleged invalidity of the *759 fifteen signatures, because there still would be signatures of more than 60 percent of the registered voters. Morgan requested a continuance due to his attorney’s absence. The Hearing Officer denied his continuance, and the hearing proceeded. Morgan called only one witness, his wife, who alleged a procedural defect, but presented no documentary evidence. After hearing the evidence, OHA ruled that the petition was valid regardless of the alleged invalidity of the challenged signatures, as there remained enough valid signatures to meet the statutory requirement.[1] Morgan then filed this appeal.
II
The issues in this case are (1) whether the Navajo Election Administration and the Office of Hearings and Appeals have an obligation to affirmatively investigate a recall petition for fraud or other improprieties, and (2) whether a recall petition is valid if there is the proper number of signatures, even assuming the signatures challenged by the elected official are invalid.
III
Appeals from recall cases have a unique standard of review under the Navajo Election Code. The statute mandates that the Court only review (1) the sufficiency of recall petition, exclusive of the ground or grounds of the petition;[2] and (2) whether or not the decision of the Office of Hearings and Appeals is supported by sufficient evidence. 11 N.N.C. § 243(G) (2005). The Court proceeds under this limited review.
IV
Morgan makes numerous arguments that the petition is insufficient, most of which assert that NEA and OHA had the obligation to affirmatively investigate and reviewr the petition for fraud or other improprieties.[3] Morgan is incorrect. NEA’s sole responsibility is to certify that “it appears” that sixty percent of the registered voters who voted in the last election signed the recall petition. See 11 N.N.C. § 242(B) (2005) (defining a “sufficient” petition to be one that appears to be signed by the requisite number of registered voters). It cannot inquire into alleged fraud *760 or other improprieties. If the elected official believes improprieties occurred, it is his or her responsibility to file a challenge to specific signatures on the petition. See 11 N.N.C. S 243(A), (B) (2005). If the official challenges the petition, NEA holds it pending the outcome of the challenge, and the official must present evidence to OHA. See id. The statute places a high burden on the elected official to present to OHA clear and convincing evidence that the petition is insufficient. 11 N.N.C. § 243(F). NEA and OHA do not have that burden.
V
The only other argument the Court needs to consider is that OHA was incorrect to uphold the petition regardless of the 15 allegedly invalid signatures because there was an exchange of value to procure one or more signatures. The only section of the Election Code that requires the entire petition to be stricken for fraud involving any one signature, is Section 241(H): “The payment of, or promise to pay, anything of value for the circulation of a petition or for procurement of any signature shall invalidate the entire petition.” (emphasis added) The Court agrees that if there was clear and convincing evidence of an exchange of value for any signature, the statute requires that the entire petition be stricken, OHA’s decision would therefore be incorrect, as it concluded that the invalidation of the 15 signatures, apparently for any reason, would not invalidate the whole petition, because there were otherwise enough valid signatures.
Appellant failed to submit any evidence, much less clear and convincing evidence, to OHA that an exchange of value occurred. Though in his appellate brief he alleges that a family was denied benefits for refusing to sign the petition, no member of that family was called as & witness at the hearing. Indeed, other than his wife, who only alleged the petition did not meet a procedural requirement, Morgan called no witnesses and submitted no evidence. As discussed, elected officials faced with their possible removal from their position have a responsibility to submit clear and convincing evidence to OHA of the recall petition’s invalidity. Morgan did not do that, and therefore OHA’s conclusion, absent any clear and convincing evidence of an exchange of value under 241(H), is correct. All the statute requires is valid signatures of 60% or more of the registered voters, and only an exchange of value may nonetheless invalidate the petition.
Morgan attempts to excuse his lack of evidence by alleging OHA violated his right to counsel by not granting his motion for a continuance. He asserts that his counsel would have presented the evidence demonstrating the recall petition’s invalidity. However, a review of the transcript shows no witnesses were present to show anything, and no documentary evidence was submitted or mentioned, whether his counsel was present or not. While the Court might be sympathetic had Morgan attempted to call witnesses or to submit documentary evidence at the hearing, the record shows that Morgan made no such attempts. Given the importance of the hearing, and that Morgan’s continuance had not yet been granted, Morgan should have been prepared to go forward with or without his counsel. His apparent choice to come to the hearing with no counsel and. no witnesses or other evidence cannot ex^ cuse the lack of any evidence to support his allegations.
The recall process is set up to allow the Navajo people to remove an elected official they feel is not properly upholding his or her responsibilities as a naat’áanii. The Election Code creates a quick and efficient *761 process to allow the people’s voice to be heard, absent some proven fraud or other impropriety. The Court will not impede that process without a compelling reason.
VI
Rased on the above, the Court concludes the petition was sufficient and that OHA’s decision is supported by sufficient evidence. The Court therefore AFFIRMS the Office of Hearings and Appeals decision.

. OHA’s decision refers in one place to lilteen signatures and in another to seventeen to nineteen signatures. The challenge form submitted by Morgan lists lilteen signatures. Whether he challenged fifteen or seventeen or nineteen does not change the analysis, as all three numbers are less than the twenty-two , signatures needed to be invalid to fall under the 60 percent threshold.

. Morgan attempts to argue that the grounds stated in the petition are improper. Based on the clear mandate of the statute, and in the absence of any argument by Morgan that the limitation on this Court's review is otherwise invalid, the Court cannot inquire into the grounds, and therefore does not consider Morgan's argument on this point.

. Morgan separately asserts that the amended petition was invalid because it was untimely and because the committee did not refile the original petition. The petition was allegedly untimely because the amended petition was filed more than fifteen days after NEA alerted the recall committee of the lack ol the require number of signatures. However, the Election Code and the rules only require that the amended petition be filed fifteen days after the withdrawal of the original petition by the committee. 11 N.N.C. § 242(0 (2005); Rule 12(B), Navajo Nation Recall Rules and Regulations (2003). Here the committee withdrew the petition on December 7, 2005 and filed the amended petition on December 22, 2005. The amended petition was therefore timely. Further, the Election Code only requires the refilling of the amended petition, 11 N.N.C. § 242(C), and therefore the committee did not need to refile the original petition.