OPINION

This case concerns the Navajo Nation Election Code’s prohibition on serving simultaneously as a council delegate and a member of a state legislature. The Court previously affirmed that Appellant could not serve as both, and ordered him to choose one position. The Court explains its ruling in this opinion.
I
The relevant facts are as follows. Appellant Leonard Tsosie ran for council delegate against Appellee Laverne Wagner and two other candidates. Tsosie was a senator in the New Mexico State Legislature at the time of the election. During the campaign, Tsosie used a computer to scan part of a sample ballot which included photographs of the candidates with arrows pointing to each one, pasted that part of the ballot onto a campaign flyer, filling in the arrow next to his photograph to indicate how to vote for him, and distributed the flyer to prospective voters. The sample ballot includes the following language:
Sample Ballots are considered Navajo Nation property for purposes of the Criminal Code of the Navajo Nation. They are intended for the exclusive purpose of educating the Navajo electorate and shall not be copied, reproduced, marked upon, written on or altered by anyone under any circumstances. Intentional Sample Ballot abuse can lead to criminal prosecution pursuant to 17 NNC ss 380.
The voters elected Tsosie and another candidate, and not Wagner.
Wagner filed a grievance under the Navajo Nation Election Code (Election Code) *530 with the Office of Hearings and Appeals (OHA), challenging Tsosie’s election on several grounds, including that he illegally copied and altered a sample ballot, and that based on Title 2 of the Navajo Nation Code and the Navajo Nation Election Code, he could not be elected as a council delegate because he was a state senator. See 2 N.N.C. § 104(B); 11 N.N.C. § 8(B)(11) (2005). The Navajo Nation Election Administration (NNEA) intervened in the proceeding on the issue of whether the prohibition on serving simultaneously in the Navajo Nation Council and a state legislature was consistent with Fundamental Law. After a hearing, OHA invalidated Tsosie’s election. OHA concluded that Tsosie’s copying of a portion of a sample ballot violated Navajo Board of Election Supervisors rales, and therefore invalidated his election. OHA further concluded that he could not serve as a council delegate and as a member of a state legislature at the same time, and therefore, as he was a state senator at the time of the election, he could not be a council delegate. OHA ruled that the prohibition was consistent with Fundamental Law. Tsosie appealed to this Court.
The Court held oral argument, and affirmed, in part, OHA’s decision. The oral argument was held at the Pueblo Pintado Chapter House on January 17, 2007. Annette Brown, a voter in the election, filed an amicus brief and at the oral argument gave the perspective of an individual voter in Tsosie and Wagner’s district. Due to the short time period set out in the Election Code to decide the case, see 11 N.N.C. § 24(G) (2005), the Court issued an oral ruling after deliberating immediately after the argument. Chief Justice Yazzie stated the ruling in Navajo, indicating that Tsosie could not simultaneously serve as a council delegate and a member of a state legislature, and that therefore he had to choose one or the other position. The Court issued an order explaining the decision the next day, indicating an opinion more fully explaining the decision was forthcoming. Tsosie subsequently chose to be a council delegate, and was sworn into that position.
II
The issues in this case are 1) whether an election is invalid if a candidate scans a portion of a sample ballot, pastes the portion of the ballot into a campaign flyer, fills in an arrow next to his photograph to demonstrate how to vote for him, and distributes the flyer to voters before an election; and 2) whether the Navajo Nation Election Code may prohibit a council delegate from simultaneously serving as a member of a state legislature.
III
This Court reviews decisions of Office of Hearings and Appeals upholding challenges to candidates under a sufficiency of the , evidence standard. 11 N.N.C. § 24(G) (2005). A decision lacks sufficient evidence if OHA misinterpreted the law. In re Appeal of Vern Lee, No. SC-CV-32-06, 6 Am. Tribal Law 788, 790 (Nav.Sup. Ct. August 11, 2006). The Court therefore can reverse OHA’s decision if OHA’s legal interpretation is incorrect. Id. at 790.
IV
Tsosie first argues that OHA’s conclusion that he illegally copied and altered the sample ballot, and that his election was therefore invalid, was wrong. He contends that the prohibition on copying and altering a ballot does not include scanning a portion of the ballot and pasting it into a campaign flyer. Appellee Wagner supports OHA’s ruling, arguing that OHA correctly concluded that Tsosie violated *531 the prohibition on copying and altering a sample ballot, and that invalidation of his election was proper. OHA ruled that Tso-sie’s scanning of a portion of the sample ballot, pasting that portion of the ballot onto a campaign flyer, filling in the arrow next to his photograph to indicate how to vote for him, and distributing the flyer to prospective voters was illegally copying and altering of the ballot, under the language of the ballot itself and several rules of the Navajo Board of Election Supervisors. The ballot itself does not reference any Board of Election Supervisors rules, but instead references Section 380 of the Navajo Nation, which makes it a crime to “deface” or “damage” Navajo Nation property. 17 N.N.C. § 380(A)(4) (2005). The language on the ballot does prohibit copying, reproducing, marking upon, writing on or altering the ballot by anyone under any circumstances. The rules of the Board of Elections Supervisors state that sample ballots cannot be “marked upon, written on, or altered by anyone under any circumstances,” and that such ballots are “not meant for campaign purposes by candidates ... nor ... for the purposes of supporting a candidate by any member of the general public.” Rule III; IV. The rules repeat that ballots are the property of the Navajo Nation for purposes of the Criminal Code. Rule IV.
Assuming Tsosie’s actions constitute “copying” or “altering” a ballot, nothing in the Navajo Nation Code empowers OHA to invalidate Tsosie’s election. Invalidation of an election is a drastic remedy that interferes with the will of the Diñé people in choosing a naat’áanii. As such, the Court hereby holds that invalidation for election irregularities is only appropriate when clearly stated in the Code, cf Navajo Nation v. Kelly, No. SC-CR-04-05, 6 Am. Tribal Law 772, 778-79 (Nav. Sup.Ct. July 24, 2006) (requiring clear intention to punish separate conduct in Criminal Code to avoid violation of double jeopardy); Phillips v. Navajo Housing Authority, No. SC-CV-13-05, 6 Am. Tribal Law 708, 712 (Nav.Sup.Ct. December 8, 2005) (applying Navajo concept of íískjání ádooniíl to require clear intent to retroactively grant sovereign immunity to Navajo Housing Authority); Yazzie v. Thompson, No. SC-CV-69-04, 6 Am. Tribal Law 672, 674 (Nav.Sup.Ct. July 21, 2005) (same for Court rules on fees in domestic violence cases); Rough Rock Community School v. Navajo Nation, 7 Nav. R. 168, 174 (Nav.Sup.Ct.1995) (same for qualifications of school board candidates), and even then only when absolutely necessary to enforce fairness in the Navajo election process. The rules promulgated by the Board of Election Supervisors and the language of the sample ballot anticipate possible criminal prosecution of the violation under Section 380. That section authorizes several possible remedies after the violator has been found guilty beyond a reasonable doubt through a prosecution under the Criminal Code. 17 N.N.C. § 380(B) (2005). However, nothing states that a candidate’s election can be declared invalid, even if the violator was found guilty in a criminal prosecution.[1] Further, OHA nowhere states its authority to take such drastic action and nothing presented to this Court gives OHA such power. OHA’s authority derives solely from the statute granting it authority to hear a particular , type of case. See Bedoni v. Navajo Nation Office of Hearings and Appeals, No. SC-CV-13-02, 4 Am. Tribal Law 672, 673 (Nav.Sup.Ct. September 4, 2003). In the absence of *532 dear language in the Election Code empowering it to do so, the Court concludes that copying or altering a sample ballot, by itself, does not allow OHA to invalidate an election. Cf. In re Recall Petition Challenge by Morgan, No. SC-CV-11-06, 6 Am. Tribal Law 757, 760 (Nav.Sup.Ct. 2006) (recall petition cannot be invalidated for single violation except as authorized by Election Code). Should the Navajo Nation Council wish to empower OHA to invalidate elections for copying or altering sample ballots, it must clearly state that intention.
y
Tsosie also contends that OHA erred when it upheld the Navajo Nation Code’s prohibition on serving simultaneously as a council delegate and a member of a state legislature. Two sections of the Navajo Nation Code prohibit council delegates from also serving as members of a state legislature. 2 N.N.C. § 104(B); 11 N.N.C. § 8(B)(11) (2005). Both sections exempt members of a state school board or county commissioners from the prohibition, allowing them to serve as council delegates while also keeping their state positions. Tsosie’s primary contention is that the prohibition is in irreconcilable conflict with the Fundamental Law statute’s provision that voters may choose leaders of their choice, 1 N.N.C. § 203(A) (2005). He also argues that the exemption for school boards and county commissions violates the Equal Protection Clause of the Navajo Bill of Rights. See 1 N.N.C. § 3 (2005). NNEA and Wagner disagree, arguing that the prohibition is valid, as voters do not have an absolute right to vote for whomever they want, but that the right may be reasonably regulated through the Election Code. They argue that the prohibition is a reasonable regulation, and not in irreconcilable conflict with Fundamental Law.
A
 It is true that under Fundamental Law, voters have the right to choose leaders of their choice. 1 N.N.C. § 203(A) (2005). Candidates also have a Fundamental Law right to participate in the political system by running for office. Begay v. Navajo Nation Election Administration, No. SC-CV-27-02, 4 Am. Tribal Law 604, 606 (Nav.Sup.Ct. July 31, 2002). Tsosie points to this Court’s recent opinion, In re Appeal of Vern Lee, 6 Am. Tribal Law 788 (Nav.Sup.Ct.2006), as precedent for striking down the simultaneous service prohibition under these fundamental rights. In Lee, this Court ruled that the residency requirement in the Election Code, which required presidential candidates to reside within the modern boundaries of the Navajo Nation as defined by the Navajo Nation Code, violated the rights of voters and candidates. Id., at 793. Tsosie states the bar on simultaneous service similarly violates those rights.
Tsosie misreads Lee, as the prohibition is consistent with Diñé bi beenahaz'áanii In Lee, this Court specified that those rights are not absolute, but that they may be reasonably regulated when necessary for the election system to function or when required by another Fundamental Law principle. Id. at 792. Here, there is another Fundamental Law principle that limits these rights. In Navajo thinking, the selection of a person by voters is one of two requirements for a candidate to become a naat’ánii. That person must also accept the position, and, to accept, must take an oath to serve the laws of the sovereign government within whose sys *533 tem he or she will serve the people-“naat’ánii ádee hadidziih.” Only when a person accepts through an oath will all of the Navajo people say that a person has been properly installed as a naat’áanii-“naat’aauii idl>í bee bítoosz>í>í” In other words, “Dine binant’a’i bee bi’doosz>í>-íd ” or “Diñé binaafáanii bee bi’d.oosz>í>íd.” The oath for council delegates explicitly requires an incoming delegate to swear that “I will support, obey, and defend the Navajo Nation and all the laws of the Navajo Nation.” Oath of Office, Exhibit D, Brief of Opposing Party, Index Listing 5. In Navajo the delegate swears “Diñé bi naat’á do bibee nahaz’áa-nii bee séz>í>ídóó, bik’eh ánísht’éé doo, dóó bich’ááh séz>í>í dooleei.” The Diñé people will keep that delegate to his or her words. See Kisoli v. Anderson Security Agency, No. SC-CV-01-05, 6 Am. Tribal Law 692, 696 (Nav.Sup.Ct. October 12, 2005) (“Words are sacred and never frivolous in Navajo thinking.”); Office of Navajo Labor Relations v. Central Consolidated School District No. 22, No. SC-CV-37-00, 5 Am. Tribal Law 412, 415 (Nav. Sup.Ct. June 23, 2004) (same). The oath is absolute, and allows no conflict in loyalty. This requirement of absolute loyalty is reiterated in the Election Code itself, as one of the qualifications for a council delegate is that he or she must “maintain unswerving loyalty to the Navajo Nation.” 11 N.N.C. § 8(B)(5) (2005). Under these principles, a person may not swear allegiance to obey and serve simultaneously the laws of the Nation and the State of New Mexico. The prohibition is then consistent with our Fundamental Law, and it is not improper for the Election Code to require Tsosie to serve only one government.
B
Even if the prohibition is otherwise valid, Tsosie finally argues that it nonetheless violates his equal protection rights because the Code illegally excepts members of school boards and county commissions. See 2 N.N.C. § 104(B); 11 N.N.C. § 8(B)(11), In effect, Tsosie argues that because the two statutes treat delegates differently from school board members and county commissioners, the statutes should be stricken, leaving no restrictions on delegates serving in other governments. Appellees Wagner and NNEA disagree with Tsosie, arguing that the distinction between state legislators and school board members and county commissioners is reasonable, in that such local officials are differently situated than state legislators to the Nation, and do not have the same problem in conflicting loyalty. OHA raled that there was no violation of equal protection, because county and school board officials have different duties and responsibilities than state legislators, and such loeal officials do not have conflicts with the Nation that would create the divided loyalty problems that require the ban on dual service.
The Court will not review the validity of the exceptions, as, even if invalid, Tsosie still cannot serve in the Navajo Nation Council and in a state legislature simultaneously. Whether the Council allows delegates to serve as members of a school board or as county commissioners is irrelevant, as, regardless, Tsosie’s situation remains the same; he simply may not serve in both positions under the Fundamental Law cited here. He cannot be allowed to illegally serve, whether or not the Council allows others to do so; each situation must be analyzed independently of the other. Tsosie cannot benefit from a declaration that the exceptions are illegal, and it is not necessary to decide whether the exceptions are valid or not. The Court therefore makes no comment on whether the Council may allow delegates to serve on *534 school boards or county commissions. The issue is of keen interest to the public and those delegates that serve in those positions. The important questions concerning what Fundamental law might be applicable and whether the differences and similarities in duties and responsibilities between school boards, county commissions, and the Navajo Nation Council require a bar on service will not be answered in this case. Those questions will be answered in a future case properly before the Court, or, the Navajo Nation Council can reconsider those exceptions in light of this opinion. Regardless, the conclusion here is that Tsosie cannot serve in both positions.
VI
Based on the above, the Court affirmed in part the decision of the Office of Hearings and Appeals and required Tsosie to choose one of the two positions.

. Even assuming Section 380 did authorize invalidation as a remedy, there has been no criminal complaint filed against Tsosie, and he has therefore not been prosecuted for the alleged violation.