OPINION

Appellant filed complaints against two of his opponents asserting they are in violation of the newly enacted provision that bans recently-employed school employees from becoming school board members. The Office of Hearings and Appeals dismissed Appellant’s complaints upon concluding that he lost his standing as a candidate to file post-election challenges once he lost the election. We reverse and remand.
I
The Navajo Nation held primary elections on August 30, 2016 for various public offices. After the election, Stanley Herrera (Appellant), a candidate running for school board member for Alamo Navajo School Board, filed written complaints against opposing candidates, Pedro Apache and Hotona Secatero (Appellees), on September 8, 2016. The separately filed complaints alleged Appellees are in violation of a newly enacted provision that bans an employee of the school within the last five years from becoming a school board member. 11 N.N.C. § 6(E) (enacted by CMY-38-12) (effective July 6, 2012). Based on the allegations asserted in the complaints, the Office of Hearings and Appeals (OHA) found both complaints sufficient and set the matters for a hearing. A hearing was held on September 23, 2016. At the conclusion of the hearing, the OHA dismissed Appellant’s complaints having determined that he lost the primary election and was no longer a candidate with standing to dispute elections.
On October 3, 2016 the OHA issued written decisions. Based on information provided at the hearing, the OHA found *480 there were 15 candidates for 5 positions, and Appellant tied with another candidate for 12th place. The OHA dismissed Appellant’s grievances concluding he is no longer a candidate, but a private voter for “[o]nce he lost in the Primary Election he lost his standing to file a grievance after the Primary Election.” OHA Final Order, at 4, OHA-NEA,029-16 and OHA-NEA-030-16 (emphasis in original).
Pursuant to 11 N.N.C. § 341, on October 13, 2016 Appellant filed two separate appeals with opening briefs challenging the OHA’s dismissals. Appellees did not file a response brief. The appeals were consolidated for review and the parties were informed that no oral argument would be scheduled and a decision on the briefs would ensue. This decision now follows.
II
The issue is: does a candidate for public office lose standing to file a post-election complaint once he or she loses an election.
III
When addressing the legal interpretations of administrative bodies, this Court applies a de novo standard of review. E.g., Sandoval v. Navajo Election Administration, 11 Am. Tribal Law 112, 115-16 (Nav.Sup.Ct.2013). The Supreme Court can reverse OHA’s decision if OHA’s legal interpretation is incorrect. In re Grievance of Wagner, 7 Am. Tribal Law 528, 530-31 (Nav.Sup.Ct.2007).
IV
The Election Code provides “Within 10 days of the incident complained of or the election, the complaining person must file with the Office of Hearings and Appeals a written complaint setting forth reasons why he or she believes the Election Code has not been complied with.” 11 N.N.C. § 341(A)(1). Although this provision broadly refers to “the complaining person,” this Court held that 11 N.N.C. § 86 (then § 86.A) “limits the right to bring challenges to an election that has taken place to aggrieved candidates])]” Fulton v. Redhouse, 6 Nav. R. 333, 334 (Nav.Sup.Ct.1991). On September 8, 2016, or within 8 days of the election as determined by the OHA, Appellant filed his written complaints. Under the Election Code, the complaints were timely filed. The OHA, however, dismissed the complaints for lack of standing.
The OHA determined that once Appellant lost the primary election, he was no longer a candidate but a private voter with no standing to file a written complaint according to its interpretation of Begay v. Navajo Election Administration, 7 Nav. R. 139 (Nav.Sup.Ct.1995) (“A voter does not have standing to complain of a lack of a candidate’s qualification) and Fulton v. Redhouse, 6 Nav. R. 333 (Nav.Sup.Ct.1991) (“A voter may not challenge an election.”). Appellant asserts the OHA erred in its misapplication of Navajo law because he was a candidate during the primary election and he never lost his status as a “candidate” after the election.
The Election Code requires the Navajo Board of Election Supervisors (NBOES) to certify the results of an election not less than 10 days following an election. 11 N.N.C. § 85. The OHA explains that it was not until the actual hearing on September 23, 2016 that it learned Appellant was no longer a candidate due to his loss at the primary election. Under the Election Code, NBOES is required to hold certification of election results for a period of 10 days after an election during which written complaints may be filed with the OHA under 11 N.N.C. § 341. Pending compilation of official results, a candidate *481 remains a candidate during the certification process. We therefore hold that a candidate for public office does not lose standing to file a post-election complaint once he or she loses an election. In this case, when Appellant timely filed his grievances after the election, he was a candidate with standing to dispute the election. The subsequent disclosure of the election results revealing that Appellant lost the primary election did not cause Appellant to lose standing at the moment of his loss on August 30, 2016. There is no statute or ease law that supports such an automatic consequence. The OHA’s erroneous legal conclusion must be reversed.
The OHA must carry out its duty to render a decision on the complaints deemed sufficient for review. Although Appellant raises post-election challenges, our decision to remand the case does not imply that we find such challenges permissible or substantiated. It is upon the OHA to make such determinations as to the complaints and we remand for that purpose.
V
Based on the foregoing, we REVERSE and REMAND. The OHA shall reinstate the complaints and render decisions immediately.