OPINION

In a pre-election complaint, Appellants sought to disqualify Appellee Carolyn C. Jose as a candidate for the Ramah Navajo School Board based on a 1993 guilty plea in the State of New Mexico for driving under the influence of intoxicating liquor. The Office of Hearings and Appeals dismissed the complaint on the grounds that the New Mexico criminal charge had been dismissed upon Ms. Jose’s successful completion of a deferred sentencing program. This appeal ensued. The Court held oral argument and affirmed the decision. The Court explains its ruling in this opinion.
I
Carolyn C. Jose (Appellee) filed her application on March 21, 2016 as a candidate for the Ramah Navajo School Board with the Navajo Election Administration (NEA). Appellee swore by affidavit that she was qualified for the position and answered “N/A” to the question of whether she had been convicted of any disqualifying offense listed in the Election Code. On June 10, 2016, Nancy Martine-Alonzo and Martha Garcia (Appellants) filed their complaint with the Office of Hearings and Appeals (OHA) alleging Appellee was not qualified to be a candidate due to a 1993 conviction for driving under the influence of intoxicating liquor (DWI) in McKinley County, New Mexico, Magistrate Court. OHA determined that after Appellee had pled guilty to a charge of DWI, the Magistrate Court referred Appellee to a first offender deferred sentencing program, which Appellee successfully completed, and the Magistrate Court then dismissed the criminal charge. The OHA dismissed the complaint on the grounds that Appellants failed to show that Appellee was convicted of “[a]ny crimes involving the use of intoxicating alcohol” under the Elec *483 tion Code’s qualifications for school board candidates, 11 N.N.C. § 8(D)(4)(h)(4).
II
The issue in this appeal is whether Ap-pellee’s conviction for DWI in the State of New Mexico, subsequently dismissed, is a conviction for purposes of the Election Code so as to disqualify her as a candidate for school board.
III
The Court’s standard of review is “limited to whether or not the decision of the Office of Hearings and Appeals is sustained by sufficient evidence on the record.” 11 N.N.C. § 24(G). A decision lacks sufficient evidence and may be reversed if the decision of OHA is based on an erroneous interpretation of the law. In re Appeal of Vern Lee, 6 Am. Tribal Law 788, 789-91 (Nav.Sup.Ct.2006); In re Grievance of Wagner, 7 Am. Tribal Law 528, 530-31 (Nav.Sup.Ct.2007). When reviewing the legal interpretations of administrative tribunals, this Court applies a de novo standard of review. Begay v. Navajo Nation Election Admin., 4 Am. Tribal Law 604, 8 Nav. R. 241, 250 (Nav.Sup.Ct.2002).
IV
The Navajo Election Code provides that candidates for school board positions, among other things, “must not have been convicted of ... [a]ny crimes involving the use of intoxicating alcohol ...” 11 N.N.C. § 8(D)(4)(h)(4). On January 5, 1993, Ap-pellee entered a plea of guilty to a DWI charge in McKinley County, New Mexico, Magistrate Court. The Magistrate Court entered a conviction and deferred Appel-lee’s sentence, referring her to participate in the state’s first-time offender program. Appellee fulfilled the terms of her deferred sentence, and on January 25, 1993, the Magistrate Court entered a Final Order dismissing the criminal charge. In the current election case, the OHA determined that because the Magistrate Court dismissed the criminal charge, Appellants failed to show that Appellee had been convicted of “any crimes” so as to disqualify her under the Election Code. The NEA agreed with the OHA’s decision.
According to Appellants, the subsequent dismissal of the charge is immaterial to this case, and Appellee’s conviction remains as a permanent part of her criminal record, regardless of the subsequent dismissal. Appellants’ claim is not supported by the New Mexico Motor Vehicle Code. New Mexico does not consider a completed deferred sentence to be a conviction. The New Mexico Motor Vehicle Code’s definition of “conviction” includes a plea of guilty accepted by the court, NMSA 1978, § 66-l-4.3(N)(l), but “does not include ... a deferred sentence when the terms of the deferred sentence are met.” NMSA 1978, § 66-l-4.3(N)(2) (emphasis added).
As part of her application for candidacy, Appellee swore by affidavit that she met all the qualifications for the position, and in answer to a section requiring her to state any misdemeanors affecting qualifications for office, Appellee answered, “N/ A,” or “not applicable.” Appellants argue that Appellee’s 1993 conviction, having never been vacated or expunged, remains a part of her criminal record. Appellants argue that the 1993 conviction therefore should have been disclosed on her candidacy application and that failure to do so disqualifies her as a candidate for school board. We find that, based on the state’s definition of “conviction,” which specifically excludes a deferred sentence when the terms of the sentence are fulfilled, there was no conviction to disclose, and therefore Appellee should not be disqualified for *484 the statements on her application for candidacy.
In New Mexico, upon conviction of a crime not constituting a capital or first degree felony, a court may suspend or defer the imposition of sentence “when it is satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby.” NMSA 1978, § 31-20-3. “Whenever the period of deferment expires, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime, the court shall enter a dismissal of the criminal charges.” NMSA 1978, § 31-20-9. Appellants would have us interpret “dismissal of the criminal charges” as having no such effect. In our criminal proceedings, a defendant is entitled to a reasonable interpretation of a court’s plain wording, so that a defendant’s understanding was reasonable and his assumption was proper that his original sentence, having been “revoked” by the court, was “can-celled, withdrawn, and no longer in force.” Haungooah v. Greyeyes, 11 Am. Tribal Law 171, 178-79 (Nav.Sup.Ct.2013).
The New Mexico DWI statute permits a deferred sentence only for a first DWI conviction. NMSA 1978 § 66-8-102(E). The New Mexico DWI statute provides that a deferred sentence for a first DWI conviction “shall be considered a first conviction for the purposes of determining subsequent convictions.” Id. A deferred sentence is permissible only for a first DWI conviction. NMSA 1978, § 66-8-102(F)-(M) (penalties for second and subsequent convictions “shall not be suspended or deferred or taken under advisement”). The first DWI conviction, once it has been dismissed upon successful completion of a deferred sentence, remains dormant unless and until the person is subsequently convicted of a DWI, at which time the first conviction is revived for the sole purpose of being counted as the first conviction to enhance the sentence for the subsequent DWI. If a subsequent DWI never occurs, the first conviction has no effect whatsoever. In the words of the deferral statute, “the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime.” NMSA 1978, § 31-20-9.
The Supreme Court of New Mexico recently explored the history and evolution of the deferred sentencing scheme under New Mexico law. United States v. Reese, 2014-NMSC-013, 326 P.3d 454 (2014). In Reese, the New Mexico Supreme Court ruled that a dismissal following a deferral results in the full restoration of civil rights, including specifically the right to hold office. Reese, at ¶ 50. In so holding, the New Mexico Supreme Court considered the same arguments advanced by Appellants, namely that the “conviction” is still on the record. The Court held that civil rights, including the right to hold public office, are fully restored automatically after a deferment dismissal, without a further requirement for a pardon by the governor. The effect of a deferment dismissal in New Mexico is the full restoration of the person’s civil rights, including the right to hold public office, by operation of law. “By operation of law” creates immediate legal consequences when an event occurs, without the need for further determination by any court or administrative body. Wauneka v. Yazzie, 11 Am. Tribal Law 153, 159-60 (Nav.Sup.Ct.2013).
The Navajo Nation courts have discretion to suspend a sentence and release a defendant on probation, 17 N.N.C. §§ 224; 1818(A), and to impose alternatives to incarceration, 17 N.N.C. § 220, but our Criminal Code contains no provision for deferred sentences equivalent to the *485 New Mexico statutes.[1] Instead, we have provisions for deferred prosecution prior to a plea or trial. Rule 28, Nav. R. Cr. P. We therefore defer to New Mexico’s interpretation of deferred sentences under its criminal justice system. What constitutes a conviction should be determined in accordance with the law of the jurisdiction in which the proceedings were held. Because New Mexico does not consider a dismissed criminal charge to be a conviction for any purpose other than to count as a prior conviction in the event of a subsequent DWI conviction for sentencing purposes, we will not consider it a conviction for purposes of candidate qualifications under the Election Code. To do so would be to add a penalty to a charge beyond what New Mexico provides. This we refuse to do.
The New Mexico deferred sentencing system is consistent with the restorative justice principles embodied in Dine bi beenahaz’áanii. The purpose of New Mexico’s deferred sentencing “assumes that the public interest and the interest of a defendant are best served where the court believes it is possible and preferable to rehabilitate the defendant without imposing a sentence_ Typically, a deferred sentence would be considered in cases where the court feels that it is more appropriate to allow the offender the opportunity to prove that his lapse in judgment was a one-time mistake and not an error indicative of a more serious, underlying issue requiring incarceration.” Reese, at 29. The Navajo people have long believed in baa hojoo bá’í yee’—compassion and restoration—even after “gross misconduct.” In re Seanez, 9 Am. Tribal Law 329, 332-33 (Nav.Sup.Ct.2010). We recently described the heightened duties of our government to seek alternative solutions to jail, and the emphasis on restorative justice in Diñé bi bemahaz’áanii’:
Diñé bi beenahaz’áanii imposes a duty on our government to provide avenues for restoration. Diñé justice “throws no one away.” Diñé bi beenahaz’áanii gives our judicial system greater options and responsibilities than strictly applying punishments. In any system, one does not place unreasonable burdens on a defendant. In a restorative justice system, a close eye should be kept on the defendant with an obligation to help defendants obtain services, even beyond the locality if necessary. Such assistance gives a community hope by ensuring rehabilitative services so that offending members can be treated rather than merely punished or expelled. It is a fundamental right of our people to expect that their governmental agencies pursue restorative measures, especially where dire living circumstances are beyond a defendant’s control, as in this case.
Haungooah v. Greyeyes, 11 Am. Tribal Law 171, 176 (Nav.Sup.Ct.2013). Indeed, the rehabilitative effects of New Mexico’s deferred sentence program for DWI offenders seem evident in Appellee’s case. OHA found that after Appellee completed her deferred sentence, “she has [had] a productive life relying on and using Diñé teachings and culture as her guide and strength.” OHA Order of Dismissal with Prejudice, at 2.
V
Appellee invites this Court to strike down the Election Code provision for what *486 is effectively a lifetime ban on those with a DWI conviction from running for school board. The Court declines to do so. The Navajo Nation Council has long recognized that school board members occupy a unique position among Navajo Nation elected positions, and has uniquely tailored the qualifications for school board positions, frequently amending the qualifications over the past two decades to impose conditions on school board officials that are far more stringent than for any other elective position. Sandoval v. Navajo Election Admin., 11 Am. Tribal Law 112, 118-20 (Nav.Sup.Ct.2013). The Court sees no reason to disturb the extraordinary protective measures the Council deemed necessary to impose on candidates for school board. Id. (upholding Election Code’s qualification requirement that candidates for school board must not be an employee or the spouse of an employee of the school served by the board).
VI
Based on the foregoing, the Court affirms the decision of the Office of Hearings and Appeals dismissing the challenge to Appellee’s candidacy. Appellee’s 1993 DWI conviction which was dismissed pursuant to a completed deferred sentence is not a conviction for purposes of Section 8(D)(4)(h)(4) of the Election Code.

. Our Motor Vehicle Code makes references to deferred sentence in defining "First offender” and "Repeat offender,” 14 N.N.C. §§ 105(M), (LL) (2010), but those terms have no application elsewhere in the Navajo Nation Code, leaving them of no use in addressing the issues on appeal.